W. H. BREWER et al., Appellants,

v.

J. F. ROSS et al., Appellees.

No. 5047.

Court of Civil Appeals of Texas.

El Paso.

Oct. 27, 1954.

On Rehearing Jan. 12, 1955.

Hart Johnson and Connell Ashley, Ft. Stockton, for appellants.

J. H. Starley, Pecos, Stubbeman, McRae & Sealy, W. B. Browder, Jr., Midland, for appellees.

HAMILTON, Chief Justice.

This appeal has resulted from an election contest and suit for office arising out of an election held in Loving County, Texas, on April 4, 1953, to elect trustees of the Loving County Independent School District, and the County Board of Trustees of the county. That part of the suit involved in the election of trustees of the county board was later abandoned and the appeal concerns only the election of Trustees of the Loving County Independent School District.

The court below in its judgment held that the election held on April 4, 1953 was void, and directed that a new election be held for the trustees of the Loving County Independent School District, and that said election should be held in accordance with Articles 2746a and 2744e-4, Vernon's Revised Civil Statutes of Texas. Contestants W. H. Brewer, Clyde Campbell, Mrs. G. I. Snodgrass and husband G. I. Snodgrass appealed from said judgment, asking that the judgment of the trial court holding the election void be reversed and that the court below be instructed to open the ballot boxes and count all the ballots cast, to determine who was elected trustees of Loving County Independent School District. Appellees, or Contestees, J. F. Ross, W. B. Wilson, Eloise Morehead, I. L. Sadberry and Earl Creager filed a cross assignment and asked that the court's judgment declaring said election to be void be reversed and that the contestees be declared elected as trustees of the Loving County Independent School District.

The record reflects that in the latter part of 1938 or early part of 1939 there was a common school district in Loving County, the territory of which was co-extensive with the County of Loving, such common school district having been in existence for some number of years. It appears that in the latter part of 1938 or early part of 1939 said District was converted over to an Independent School District, having boundaries co-extensive with the former Common School District and Loving County. It appears that the records were lost, at least were not available at the trial. and there is no way of knowing whether all the procedure necessary for the creation of the independent school district was followed according to law. However, it is undisputed that the district operated as an independent school district from 1939 up until the time of this lawsuit. Subsequent to 1939 and prior to the election of April 4, 1953, there have been several validating statutes passed by the Legislature validating all independent school districts that had been created, regardless of whether or not said creation was according to law.

On March 21, 1953, the Trustees of Loving County Independent School District duly convened in a special meeting of the Board, at which all the members were present, ordered an election to be held on April 4, 1953 to elect three trustees to fill the places of trustees A. C. Harper, J. F. Ross and Houston Strong, whose terms were to expire in April 1953, and said board had a notice of its order calling said election posted at three different places in the district for ten days before the election to be held on April 4. Said order and notice provided for the appointment of three persons to hold said election and designated the polling place as the school building in Mentone, which is located in said school district. On the same day the County Judge, being uncertain as to who should call said election and post said notices, also ordered the election to be held on April 4,

1953, and posted notices similar to the ones posted by the school board. On March 26, 1953, the County Judge issued another order calling an election for the election of trustees of the Loving County Independent School District to be held on April 4, 1953. In this order the County Judge declared that there were five vacancies to be filled, and he named four polling places, one in each of the Commissioners' Precincts, and directed that the voters in each precinct vote for one trustee from the precinct and one trustee from the County at Large. One of the polling places in precinct No. 1 was named as the schoolhouse in Mentone, the same as the polling place designated in the notice posted by the Board of Trustees. An election was held on April 4 and the election returns were made to the County Judge, and the Commissioners Court canvassed said votes and declared that contestee W. B. Wilson received 2 votes and was elected trustee from Commissioners' Precinct No. 1; Contestee Eloise Morehead received 13 votes and was elected Trustee from Precinct No. 2; Contestee Earl Creager, Sr. received 11 votes and was elected Trustee from Precinct No. 3; Contestee J. F. Ross received 9 votes and was elected Trustee from Precinct No. 4, and I. L. Sadberry received 51 votes and was elected Trustee from the County at large. It appears that there were 27 electors who voted in Precinct 1 (Mentone schoolhouse) for three Trustees at Large, and whose ballots were not counted in the returns made to the Commissioners Court. Pursuant to the County Judge calling the election on March 26th he prepared ballots and sent to the election officials at each precinct where the election was to be held according to his order of March 26th. On all of the ballots he had placed the name of I. L. Sadberry as candidate for Trustee at Large, and on the ballots sent to Precincts 2, 3 and 4 he had placed the name of one candidate to be elected from the particular precinct.

Before discussing the principal issue involved in this case we will first dispose of appellees' first four cross-points

■ First, appellees complain of the court's failing to dismiss the suit because appellants have no justiciable interest in the subject matter of the litigation. We overrule this point because the contestants (appellants) alleged that for trustees of Loving County Independent School District they received certain votes which were not counted by the election officials.

■ The second point, wherein appellees complain that the trial court erred in overruling their plea in abatement because appellants had not availed themselves of the statutory method or remedy of appeal from complained of acts and order of the county judge and ex-officio County Superintendent of Loving County, Texas, we overrule because Art. 9.01 of the Election Code of 1951, V.A.T.S., provides that the District Court shall have original and exclusive jurisdiction in school election contests.

■ The third and fourth points wherein appellees contend that the trial court allowed the introduction of certain testimony over objection that was inadmissible we overrule, because it is elementary that in a trial before the court a trial judge will not consider any inadmissible testimony in arriving at his decision in the case.

■ The principal dispute between the contestants and the contestees is on the question of whether the election that was held on April 4, 1953, was held under Articles 2746a and 2744e–4 or under Article 2746a and Article 2742j. The court below held that the Loving County Independent School District had organized under Art. 2742j, Acts of 1930, 41st Leg., 5th C.S., Page 117, Chapter 5, or that it was validated subsequently. We think the court was correct in such holding because at the time of the creation of said independent school district said Art. 2742j was the only article under which common school districts such as existed in Loving County could be created into an independent district, consequently any validation by the Legislature would necessarily validate the creation of said district under Art. 2742j. That part of Art. 2742j which is of particular concern to us in determining this law suit is as follows:

"After said election is held, the Commissioners Court shall canvass

the returns thereof as in other similar elections, and if the majority of the votes cast favor the change from a common school district to an independent school district, the County School Board shall immediately pass such an order or orders as may be necessary, creating said independent school district. The County School Board shall appoint a Board of seven (7) members, all of whom shall be otherwise qualified by law, and said Board shall serve until the next regular trustee election under the laws of this state, at which time seven (7) members shall be elected as provided by law."

It is plain then if Art. 2742j controls, then the election of trustees held on April 4 should have been according to the General Law as applied to independent school districts. Art. 2744e–4 which was passed by the Legislature in 1947, provides for the creation of county-wide independent school districts in counties of scholastic population of not over 2,500 and not having more than two school districts therein. Said statute sets out the procedure necessary to be followed to create such county-wide independent school districts. While contestants argue that Art. 2744e–4 applies to all independent school districts whose boundaries are co-extensive with the county, and who have less than 2,500 scholastic population and have less than two school districts, it is clear from a reading of such statute that it could apply only to such districts as are organized under that statute. It is merely another method of creating an independent school district. It is not in conflict with any other method of creating independent school districts, and we can see no reason why an independent school district created previously under another statute and whose territories happen to be co-extensive with the county would automatically be converted over to a district created under Art. 2744e–4 without following the procedure necessary to bring it under that statute. There is no evidence whatsoever, and no contention that after the passage of Art. 2744e–4 any effort was ever made by the Loving County Independent School District to qualify under 2744e–4, consequently we hold that Art. 2744e–4 does not apply to the Loving County Independent School District. It naturally follows then that the election of trustees in the Loving County Independent School District is controlled by Art. 2742j. Such Article provides that immediately after the creation of an independent school district under such article the County Board of Trustees shall appoint seven trustees from the district, who shall serve until the next regular election, and such Article further provides that at such regular election the seven trustees shall be elected as provided by General Law. Art. 2776 provides that all elections shall be ordered by the board of trustees of each independent school district and that the board at the time of ordering the election shall designate the places where the polls shall be opened. Art. 2746a provides in substance that in all common school districts and independent school districts having less than 500 scholastics the ballots for the election of trustees shall be prepared by the County Judge and furnished the presiding officer of the election; the officers of the election shall make returns of said election to the County Judge, and the Commissioners Court shall canvass the returns. It shall be noted that said article does not provide that the County Judge shall call the election for trustees. It appears to be uncontradicted that the regularly constituted board of trustees of the Loving County Independent School District did call an election of trustees to be held on April 4, 1953 at the school house in Mentone. Notices of such election were posted as provided by Art. 2776. An election was held at the schoolhouse in Mentone on April 4, and some 44 electors voted for the trustees for the Loving County Independent School District. Returns were made to the County Judge and the Commissioners canvassed the returns as provided by Art. 2746a. It is shown by stipulation between the parties that the votes of 27 electors were not counted by the election officers, and were not shown on the returns made to the county judge. Although it is

evident the county judge did his best to find out what his legal duties were in the situation, and it must be admitted there is some confusion as to the school laws, we hold that he was wholly without authority in issuing the order of March 26, 1953, calling for the election of trustees for the Loving County Independent School District, and in attempting to call off the election theretofore called by the Board of Trustees of the school district. It is maintained that Art. 2763 gives the County Judge authority to call an election for an incorporated district containing only 150 scholastics. That Article merely gives the county judge, acting as County Superintendent, authority over the general administration of the schools in such districts. It does not change the election laws of such a district nor authorize the county judge to do so. We must hold, therefore, that the election held at the Mentone schoolhouse was a valid election, and that the election for trustees held at precincts 2, 3 and 4 was invalid, the statute having given the school board exclusive authority to name the polling place or places, it would lead to endless confusion to hold that voters may cast their ballots at any other place or places than as designated by the legally constituted board of trustees. Keyker v. Watson, Tex.Civ. App., 291 S.W. 957.

In conclusion, having held that the election was controlled by Art. 2742j, which provides for election of trustees under the general law for independent school districts, it necessarily follows that such trustees, to be elected, must be elected at large from the district; and having held that the election at the Mentone schoolhouse was the only valid election held in the school district on April 4, 1953, all ballots cast at said election should be counted, and accordingly the court's judgment declaring said election void and calling a new election should be set aside, and the trial court is directed to have the ballot boxes from the Mentone schoolhouse reopened and the ballots counted, and such trial court shall determine from such count who were elected trustees of the Loving County Independent School District.

## On Motion For Rehearing.

In our original opinion we held in effect that the District Judge was in error in holding that the election was void and that a new election should be held. After hearing the argument on rehearing, and after further consideration, we have concluded we were wrong in this decision.

 It must be admitted that the situation existing prior to and on the election day was very confusing to the qualified voters of Loving County as a result of the school board and the county judge separately calling elections to be held the same day at the Mentone schoolhouse, and then later the county judge calling off said elections and notifying every voter in the county of such action and calling an election to be held at four different voting places and for five trustees instead of three, four of which trustees were to be elected from the precincts instead of at large. There is no contention that any fraud was involved—the county judge apparently was acting in good faith in taking the action that he did. There is one thing certain, however, that is the voters are bound to have been confused as to how the election was to be held. As a result of this confusion we think the District Court was justified in holding that it was impossible to determine the will of the majority of the voters wanting to take part in the trustee election, and was justified in holding that a new election should be held. Holden v. Phillips, Tex.Civ.App., 132 S.W.2d 419; Hodge v. Jones, 17 Tex.Civ.App. 511, 43 S.W. 41.

Appellees' motion for rehearing is granted, and we affirm that part of the trial court's judgment holding said election void and ordering a new election. However, said election should be held in accordance with Art. 2746a and Art. 2742j, V.A.C.S., and the general laws governing the election of trustees by independent school districts, and we therefore remand the case to the trial court with instructions for it to order the election to be held in accordance with the views herein expressed, and as expressed in our original opinion.