**E. C. FUNDERBURK et al., Appellants,**

**v.**

**Adrian SCHULZ et al., Appellees.**

**No. 13014.**

Court of Civil Appeals of Texas.

Galveston.

Sept. 20, 1956.

Rehearing Denied Oct. 11, 1956.

Cutrer, Burks & Burrus, Lewis W. Cutrer and Thomas Burrus, Houston, for appellants.

Painter, Painter & Cook, J. H. Painter, Jr., Ernest A. Knipp, Houston, for appellees.

GANNON, Justice.

This is a contest of a bond election held in the Aldine Independent School District of Harris County on November 19, 1955, to decide upon the issuance of $3,500,000 of bonds. On November 21, 1955, the Board

of Trustees of the District declared the results of the election to show that the bond issue carried. The appellants, E. C. Funderburk, and others, all residents of the District and qualified under the law as taxpaying property owners within the District, brought this contest seeking to set aside the declaration of the results of the election and to enjoin the District from issuing any bonds based thereon.

The contestants named as contestees the following: Aldine Independent School District, which was sued in its capacity as a public corporation and body politic, Adrian Schulz, O. K. Saathoff, Roy L. Anderson, Ralph T. Bellamy, J. E. Harrell, Joe Thompson, and M. F. McCracken, trustees of the District, and Burke Holman.

Burke Holman was sued in his official capacity as the county attorney of Harris County. But we regard his presence in the case as irrelevant to the questions hereinafter discussed. We rule he was not a proper party contestee in the present proceeding.

The individual defendants comprising the Board of Trustees of the District, though not made parties in their personal capacities, were sued individually in their official capacities as members of the Board. There were allegations that the contestee members of the Board of Trustees, each and all, ordered the contested election and that each and all of them officially declared the results thereof.

The contestees filed a plea in abatement, setting up want of jurisdiction in the trial court to entertain the contest. The gist of the plea is that though personal service of notice of intention to contest and of a statement of the grounds of such contest was had upon two members of the Board of Trustees, namely Joe Thompson and M. F. McCracken, neither the District itself, in its corporate capacity, which was claimed to be the sole proper and necessary contestee, nor the remaining members of the Board of Trustees, were personally served with such notice and statement of the grounds of the contest, and that contestants' attempted substituted service upon these parties was invalid and unauthorized because said parties so served with substituted service, each and all, could have been found within the county, as contemplated by statute within the statutory thirty-day period and personally served with process.

The trial court sustained the plea in abatement and dismissed the contest for want of jurisdiction. This appeal follows.

Appellants assign several points of error but, in the view we take of the case, it is necessary to consider only the second point, reading as follows:

"The trial court erred in sustaining the aforesaid plea and dismissing this cause for the reason that the undisputed evidence shows that two of the members of the Board of Education of the Aldine Independent School District, Joe Thompson and M. F. McCracken, were made party Contestees herein in their official capacities as members of said Board, and personal service of the notice and statement of election contest were had upon them in the time and manner required by law, and therefore, under Article 9.31 [Election Code], Vernon's Annotated Texas Statutes, such court had jurisdiction of this election contest."

Appellees counter appellants' second point with the proposition that since the Board of Trustees of the Aldine Independent School District was "the officer who declared the result of the election," the Board as such was the only proper and necessary contestee and in the absence of proper service of notice of contest upon the Board as such within the thirty-day period required by statute, the trial court was without jurisdiction of the election contest.

Without ruling on the sufficiency of the substituted service, we decide the case on

the assumption that the trial court was justified in determining the invalidity and insufficiency of such service, and base our decision upon the timely personal service of notice of the contest and of a statement of the grounds thereof upon two members of the Board.

■ We hold that each and all of the members of the Board who acted officially in declaring the results of the election were officers within the meaning of that term as used in Article 9.31 of the Election Code, V.A.T.S. reading as follows:

"In any case provided for in the preceding Section [art. 9.30], the county attorney of the county, or if there is no county attorney, the district attorney of the district, or the mayor of the city, town or village, *or the officer who declared the official result of said election, or one of them*, as the case may be, shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in the case of a contest for office; but in no case shall the costs of such contest be adjudged against such contestee, or against the county, city, town, or village which they may represent, nor shall such contestee be required to give bond upon an appeal. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 159." (Emphasis supplied.)

We further hold that where any one of the officers declaring the results of an election contest is made a party thereto, others though proper parties are not necessary or indispensable parties to such contest in order to confer jurisdiction on the trial court.

We feel that any possible ambiguity in respect to the meaning of the statutory expression "the officer who declared the official result of said election, or one of them" has been resolved by the re-enactment, after judicial construction without substantial change in verbiage, of Article 3078 of the Revised Statutes of 1911, and of its counterpart, Article 3070 of the Revised Statutes of 1925, by the Election Code of 1951.

The quoted expression as it appeared in Article 3078 of the 1911 Statutes, and in Article 3070 of the 1925 Statutes, was construed in 1925 by the Court of Civil Appeals at Austin in the case of Ladd v. Yett, 273 S.W. 1006. Ladd v. Yett being an election contest, the Austin Court had final jurisdiction and was a court of last resort. Application for writ of error was dismissed. We are without ready means of checking the grounds of the Supreme Court's order of dismissal, but presumably it was based upon actual want of jurisdiction of the controversy.

It is a familiar principle of statutory construction that the re-enactment or re-passage of a statute without substantial change of verbiage after it has been construed by a court of last resort will be held to carry a legislative intent to adopt the construction placed upon the statute by the court. 39 Tex.Jur., page 266, "Re-enacted Statutes," Section 141. In Stephens County v. Hefner, 118 Tex. 397, 16 S.W.2d 804, dicta contained in the Supreme Court decision was stated to be of sufficient importance as a practical construction of an Act by the judges to call attention to the tentative views of the Court and to operate as a warning that if the Legislature intended a different result in re-enacting the statute, it should make its intention clear. So, we feel that the expression "the officer who declared the official result of said election, or one of them," as it appears in Article 9.31 of the Election Code of 1951, must be held to have the legislative meaning which it was declared to have in Ladd v. Yett, supra.

That case was a contest of an election held for the purpose of amending the charter of the City of Austin. The result of the election had been declared by the City Council of Austin. Such council was composed of W. D. Yett, Mayor, and Messrs. Avery, Nolen, Haynes and Searight, councilmen. All members of the Council had

participated in declaring the results of the election and all were originally named contestees in the proceeding. All contestees pleaded a general demurrer and a general denial; but one of them, Harry Nolen, separately filed a plea to the jurisdiction of the court, in which the remaining contestees did not join. The contestants sought and were granted leave to dismiss Nolen as a contestee, but Nolen later sought and was granted leave to intervene.

On appeal, the contestants moved to strike Nolen's brief claiming the trial court improperly allowed him to intervene and participate as a party to the contest after his dismissal by contestants. In passing upon the point, the Austin court stated [273 S.W. 1008]: "He was a member of the city council that declared the results of the election being contested. Article 3078, Revised Statutes, provides that defendant to an election contest, among others, shall be 'the officer who declared the official result of said election, or one of them.' So under this statute Nolen was at least a proper party to the suit filed, which appellants recognized, for they served him with notice and a statement of the grounds of contest, and made him a party to the proceedings filed in the district court. Being a proper party to the suit, he filed, as he had a right to do, a plea to the jurisdiction of the court; whereupon contestants moved to dismiss him from the suit, which motion was granted, and he was accordingly dismissed. It thus appears that the only reason for dismissing Nolen from the suit was the fact that he contested appellants' cause of action, which, we submit, is not a valid reason. Having been brought into the suit as a proper party thereto by contestants, he would be entitled to defend his action as an official who declared the result of the election being contested. Of course, no error is predicated here because of his dismissal, for the trial court permitted him to thereafter intervene. There is nothing in the election contest statutes which prohibits one of the officials who declared the results of a con-

tested election from defending his acts in so doing, independently of any defense or defenses that may be urged by other officials who acted with him in declaring the election results. Neither do the statutes prohibit one who is a proper party to an election contest from intervening where he has not been made a party thereto, and urging any defense to the validity or invalidity of the election results as declared. It is also well settled that in this state an election contest is not a civil suit, and that the trial judge has a wide discretion in the conduct of the proceedings, and we think that in the exercise of this discretionary power he may permit an intervener, *who is by statute at least a proper contestee,* to intervene and make such defense as the statutes may authorize in purely election contests." (Emphasis supplied.)

It is plain, in our opinion, that Ladd v. Yett, supra, holds that each member of a council, board, or commission is "an officer declaring the results of an election" where by law, as here, Article 2776, R.S.T.1925, it is the duty of the council, board or commission of which he is a member, to declare such result. Note particularly the holding that the *statute* declares a single member of a city council to be a statutory contestee. This, we think, undermines appellees' contention that the Board in its unitary aspect was "the officer who declared the result of the election" and was the only proper and necessary contestee. In the light of the re-enactment in the election code of 1951 of Article 3070, R.S.T.1925, without substantial change, and of the prior judicial construction of the expression "the officer who declared the official result of said election, or one of them" when that identical language appeared in both Article 3078 of R.S.T.1911 and Article 3070, R.S.T. 1925, we are constrained, under well settled principles of statutory construction to ascribe to the Legislature, in the re-enactment of the statute, an intention to give its language and verbiage the meaning it was held to have in Ladd v. Yett, supra.

It is clear from the statutes, we think, that in election contests of this kind, though all the members of the Board of Trustees of the school district would be proper parties-contestee, it is necessary only that one of them be joined.

■ The wisdom of the Legislature in permitting a contest of a school district election without making the district itself a party is beyond our province. But it is readily apparent, we think, as a possible explanation, that the district in its corporate capacity cannot be said in any true sense to be a party interested in the *declared results* of the elections. The district's only interest is that its elections be fairly and lawfully conducted and that their true result be declared. Therefore, its only proper concern would be with a fair determination of contests, not necessarily with upholding as a contestee the declared results of elections.

Reversed and remanded.

CODY, J., not sitting.