**Henry BRUHN et al., Appellants,**

**v.**

**AZLE INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 16897.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 5, 1968.

Rehearing Denied Feb. 9, 1968.

Elton M. Hyder, Fort Worth, for appellants.

Morgan, Gambill & Owen, and Cecil A. Morgan, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

April 29, 1967, the Azle Independent School District, situated in Tarrant, Parker and Wise Counties, caused an election to be held for the purpose of authorizing the issuance of independent school district bonds of approximately $2,500,000.

Thereafter eleven residents of Tarrant County, who were also resident in the school district, filed suit in a District Court of Tarrant County, and in their petition stated "that said purported election was illegal, null and void, for numerous reasons, including the following:

"1. The notices of the purported election were not properly issued.

"2. The notices, if any, were illegal, null and void.

"3. The election was not properly held.

"4. The persons voting for the issuance of the bonds were not properly qualified under the law to vote for the issuance of school bonds carrying the obligation of the defendant district.

"5. The ballots were not properly accounted.

"6. The place of balloting was not properly advertised and many people were misled as to the time and place of balloting and as to their qualifications, and further, that the election was held in the school administration building for the specific purpose of influencing the voters who came to vote at the ballot box.

"7. There were legal frauds in the receipt of ballots and certification of returns in connection with the purported election and other operations in connection therewith.

"8. There were other irregularities in connection with the holding of the election and the election returns."

Plaintiffs' petition additionally stated: "Plaintiffs ask that the ballots be recounted and a proper tabulation be certified as required by law." Further, "Plaintiffs ask the Court for impoundment and inspection of all records of said election and that this honorable court issue immediately an order impounding such records in a vault or other secure place and under such terms and conditions as will keep the records under his custody and control during the entire examination and inspection proceedings." Still further: "WHEREFORE, plaintiffs pray that the defendants herein be served as required by law and that said election be declared illegal, null and void, or, in the alternative, that if notices were properly issued and the election properly held, that a recount be had of all ballots cast in said election and that only those ballots be counted as qualified by law, and for such other and further relief, general and special, at law and in equity, as to which under the facts and the evidence the plaintiffs may show themselves to be entitled."

We have copied at length as above because it was a copy of the petition which was served upon the defendants as the "notice of contest" made in compliance with V.A.T.S. "Election Code", Ch. 9, "Contesting Elections", Art. 9.03, "Notice of contest". Said Art. 9.03 reads: "Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty (30) days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. * * *" The school bond election comes under the same provisions by virtue of Art. 9.30, "Other contested elections".

Holding that as the requisite "Notice of contest" required by Art. 9.03 the service of a copy of the petition was not in compliance,

though timely made and furthermore subsequent to the time of the filing of plaintiffs' suit, the trial court sustained the defendants' plea in abatement and dismissed the suit.

■ In connection with plaintiffs' appeal the defendants have filed a motion to dismiss the same on the theory that V.A.T.S., "Election Code", Ch. 13, "Nominations", Art. 13.30, "Contest of primary nominations", has application to the appeal and was not complied with as to timeliness of "steps" taken to perfect the appeal. We hold that Art. 13.30 is without application to the character of controversy and the appeal with which we are presently concerned. Accordingly the motion to dismiss the appeal is overruled.

■ In view of the fact that it does not otherwise affirmatively appear, we are of the opinion that there was nothing in connection with the service of copies of the plaintiffs' petition which placed anyone due to be notified that a suit would be or had been filed. Suit had been so filed, as reflected in the judgment. There are no findings of fact or conclusions of law and there is no statement of facts.

The notice, as received, contained no notice that it was the intention of the contestants to file that petition in court and use it as a basis of a contest, nor that the contestants had already filed such petition in court. That being true, we are of the opinion that language to be found in Barker v. Wilson, 205 S.W. 543, 546, (Austin Civ. App., 1917, no writ history) is appropriate to the situation presented.

There having been failure to comply with the mandate of the law relative to notice in a case 'such as this, the trial court did not err in dismissing the case.

Judgment is affirmed.