**W. P. MITCHELL et al., Appellants,**

v.

**CARROLL INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 16975.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 1, 1968.

Rehearing Denied Dec. 13, 1968.

Elton M. Hyder, Fort Worth, for appellants.

Spafford, Freedman, Hamlin, Gay & Whitham, and Warren Whitham, Dallas, for appellees.

## OPINION

LANGDON, Justice.

This is a school bond election contest.

The District Court held that the written instrument relied upon by the appellants as notice of intention to contest election does not notify appellees that appellants intend to contest the election in the District Court or that suit would be filed. On the basis of such holding and because appellants did not file their contest of the election (i. e., petition) in the District Court within thirty (30) days after the return day of election the court sustained appellees' pleas to the jurisdiction and in abatement and dismissed the election contest and this cause.

The appellants contend that the court erred in holding as it did because actual notice is all that is required by Article 9.03 of the Election Code, V.A.T.S. and that there is no necessity or requirement that the court proceedings contesting said election be actually filed in the District Court within thirty days from the return day.

We affirm.

The written instrument relied upon by the appellants as "notice" reads as follows:

"TO THE BOARD OF TRUSTEES OF THE

"CARROLL INDEPENDENT SCHOOL DISTRICT

"AND ANY OTHER INTERESTED PARTY

"GENTLEMEN:

"In accordance with Article 9.03, Election Code of the State of Texas, and related Articles, the undersigned do hereby give you notice, in writing, in accordance with said Article, that they intend to contest the election held Saturday, February 17, 1968, at South Lake, Texas, in regard to issuance of school bonds, as provided on the ballot of said election. The grounds on which the contestants rely to contest said election are for numerous irregularities and illegal actions, including the following: * * *."

The Election Code, Art. 9.03, "Notice of contest," V.A.C.S., provides: "Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty (30) days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the 'return day' is meant the day on which the votes cast in said election are counted and the official result thereof declared. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 131."

The Election Code, Art. 9.30, "Other contested elections," provides that the validity of an election held for any other purpose may be contested in the District Court of such county in the same manner and under the same rules, as far as applicable, as prescribed in this chapter (arts. 9.01–9.38) for contesting the validity of an election for a county office. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 158.

"The writing must contain notice of the contestant's intention to contest the election and the ground on which he relies. The law is mandatory and compliance therewith is necessary to give the court jurisdiction. Failure to comply with the requirement renders the suit dismissible for want of jurisdiction in the trial court to hear and determine the contest." 21 Tex.Jur.2d 427, § 165 (Notice and Statement of Grounds).

"Since the statutes appear to prescribe no particular form for the notice of contest or the statement of grounds of the contest, except that it is provided that the notice of intention must be in writing, a substantial compliance with the legislative requirements is all that is required. However, it appears that the notice should clearly show an intention to contest the election. Thus, where the petition delivered to the contestee set forth the ground on which it was claimed that the election was illegal, but contained no notice informing the contestee that the contestant had an intention to file the petition in court and use it as a basis of a contest, it was held that the statutory requirements as to notice had not been satisfied. * * *" 21 Tex. Jur.2d 429, § 166 (Form). See also authorities cited under these sections.

In Barker v. Wilson, Tex.Civ. App., 205 S.W. 543 (Austin Civ.App., 1917, no writ hist.), it was held: "The statute requires that the written document or documents delivered to the contestee shall contain notice of two separate and distinct facts, which are: (1) The contestants' intention to contest the election; and (2) the ground on which such contestant relies to sustain such contest. Notice of both of these facts is essential to invoke the jurisdiction of the court to hear and determine the contest, and proof of one, without proof of the other, is of no avail. It is also required by the very terms of the statute that notice of each fact must be in writing; and therefore verbal notice, though it may be just as satisfactory to the contestee, is not such compliance with the statute as

confers power upon the court to hear and determine the contest." It was further stated in the same opinion concerning the notice: "* * * but it contained no notice notifying the contestee that it was the intention of the contestants to file that petition in court and use it as a basis of a contest." To the same effect see Bruhn v. Azle Independent School District, Tex.Civ. App., 423 S.W.2d 617 (Fort Worth Civ. App., 1968, writ dism.), citing Barker v. Wilson, supra.

The appellants insist that because specific reference to Article 9.03 was contained in the purported notice, the mandatory jurisdictional requirements were supplied. We disagree with this contention, in that reference to a statute which creates a duty to do specific acts cannot by such reference constitute performance of the requirements of the act.

It is undisputed that the return day as provided for in Article 9.03 of the Election Code with respect to the election in question was February 17, 1968. The written instrument relied upon by the appellants as notice under said article was served on the appellees on March 15, 1968. It is further undisputed that the appellants did not file this election contest in a district court within thirty days after the return day of election. This cause, consisting of plaintiffs' original petition, to which a copy of the appellants' alleged notice and statement of grounds was attached, was filed in the District Court on March 19, 1968. We are of the opinion that since the election contest in the nature of a petition was not filed in the District Court within thirty days after return day of the election the District Court had no jurisdiction and properly dismissed the election contest and this cause.

Article 9.36 of the Election Code, V.A. C.S., reads in part as follows: "* * * If no contest of said election is filed and prosecuted in the manner and *within the time herein provided for,* it shall be conclusively presumed that said election as held and the

result thereof as declared are in all respects valid and binding upon all courts, provided, that pending such contest the enforcement of all laws in relation to the subject matter of such contest shall not be suspended, but shall remain in full force and effect." (Emphasis ours.)

We are of the opinion and hold that the phrase "within the time herein provided for" as contained in Article 9.36 means within thirty days after the return day of election. This is the only thirty day period or similar period found in the Election Code applicable to election contests. We are unable to find any other period, controlling elections of this character, within which the contestant is required to file and prosecute contest of an election. Appellants in their brief did not refer us to any other applicable time period. No jurisdiction exists where a suit similar to the one at bar is filed more than thirty days after the return day of election.

In Weinberg v. Molder, Tex.Civ.App., 312 S.W.2d 393 (Waco Civ.App., 1958, ref., n. r. e.), it was said: "In support of our views, we make the following comment: The bond election was held on October 27, 1956, and this suit was not filed until June 7, 1957, more than seven months after said election. *Because such suit is in the nature of an election contest, and was filed more than thirty days after the return date of the election,* the trial court had no jurisdiction under the provisions of the Election Code pertaining to election contests." (Emphasis ours.) See also Rawson v. Brownsboro Independent School Dist., Tex. Civ.App., 263 S.W.2d 578 (Dallas Civ.App., 1953, ref., n. r. e.); and Kelsey v. Corbett, Tex.Civ.App., 396 S.W.2d 440 (El Paso Civ.App., 1965, ref., n. r. e.).

In Duncan v. Willis, 157 Tex. 316, 302 S.W.2d 627 (1957), it was said: "* * * Election contests are legislative and not judicial proceedings, * * * and if the remedy be expeditious and effective, it is essential that the legislative directives be adhered to strictly. * * * In an election contest, time is of the essence and the moot case is no stranger to our election experience. * * * Generally this jurisdiction destroying situation develops in the trial court."

Concluding as we do that the appellants have failed to comply with the provisions of the Election Code pertaining to such contests we hold on the basis of the authorities cited that the court therefore had no jurisdiction of the contest. Appellants' points of error are therefore overruled and the judgment of the trial court is affirmed.

Affirmed.