Gus ZAVALETTA, Appellant,

v.

Frank PARKER, et al., Appellees.

No. 1806.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 11, 1980.

Marie Estella Perez, Brownsville, Edwin
Randolph Fleuriet, Wiley, Hale & Fleuriet,
Harlingen, for appellant.

Daniel Rentfro, Rentfro & Rentfro, Jef-
frey D. Roerig, Cox, Wilson, Black & Roer-
ig, O. B. Garcia, Garcia & Warburton, Tony
Martinez, Martinez & Barrera, Brownsville,
for appellees.

OPINION

NYE, Chief Justice.

This is an election contest case in which
appellant, Gus Zavaletta, challenges the

election of appellee, Frank Parker, to the Board of Trustees for the Brownsville Independent School District. The Brownsville Independent School District Board of Trustees was also made a party to the original suit and is an appellee in this appeal. The school board's only position with regard to this appeal is that the trial court erred in refusing to dismiss them as a party-defendant.

The election was held on April 5, 1980, and as soon as the votes had been canvassed, Appellee Parker was declared the winner and given the oath of office and issued the certificate of office. Appellant thereafter filed suit in the trial court to have the election declared void, or in the alternative, to declare a vacancy to be filled by the remaining school board trustees pursuant to Art. 23.18 of the Education Code. The trial court denied appellant any relief. We advanced the submission of the cause and now affirm the judgment of the trial court.

Appellant brings three points of error, in two of which he contends that the trial court erred in not declaring the April 5th election void. He argues that the Court should have declared a vacancy in the office and/or ordered a new election. To support these contentions, appellant argues that Appellee Parker's application to have his name placed on the ballot was void because it was filed too early.

In order to decide whether Parker's application was void, it is necessary for us to consider two applicable statutes: Section 23.03 of the Education Code, and Article 1.08c of the Election Code. It is clear that Parker's application was in full compliance with the Education Code, art. 23.03, because he filed his application on January 25, 1980, 71 days before the April 5 election. The Code states:

> (a) Applications of candidates for a place on the ballot shall be filed *not less than 30 days prior to the day of the election, and no candidate shall have his name printed on said ballot unless there has been compliance with the provisions of this section.*" (emphasis supplied)

However, it is equally clear that Parker's application did not comply with the Election Code which states in art. 1.08c:

> An application to have the name of a candidate placed on the ballot for any election may not be filed earlier than 30 days before the deadline prescribed by this Code for filing the application. *An application filed before that day is void.*" (emphasis supplied)

Appellant contends that the earliest date on which appellee Parker could have filed his application to get his name on the ballot was February 5, 1980, sixty days prior to the election. (Art. 1.08c, Election Code) He argues that since Parker filed his application on January 25, 1980, he never became an actual candidate. Appellant makes no claim that Parker was an ineligible candidate or an unqualified candidate; he merely contends that Parker's application to get his name placed on the ballot was void as a matter of law, and therefore rendered him no candidate at all. He contends that since Parker's name was placed on the ballot in error, it is impossible to ascertain the true results of the election.

▮ In construing statutes regulating the manner of holding an election, the general rule is that the language of such statutes is merely directory and a departure from its provisions will not invalidate an election ordinarily unless such departure or such irregularity has affected or changed the result of the election. *Hill v. Smithville Independent School District,* 251 S.W.2d 209 (Tex.Comm.App.1923). The general election laws, even though mandatory in form, are to be construed as directory in the absence of fraud or in the absence of some statutory provision voiding the ballot or election for failure to comply with the specific statute. *Whiteside v. Brown,* 214 S.W.2d 844 (Tex.Civ.App.—Austin 1948, writ dism'd).

▮ Generally, election laws that are directive in nature and are given with a view merely to the proper, orderly and prompt conduct of the business are not usually regarded as mandatory; and if the act that is

directed to be done is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which is done accomplished the substantial purpose of the statute. *Markowsky v. Newman*, 134 Tex. 440, 136 S.W.2d 808 (1940); *Thomas v. Groebl*, 147 Tex. 70, 212 S.W.2d 625 (1948).

The main purpose of the Election Code is to simplify and clarify the existing laws in regard to parties and to safeguard the purity of the ballot box against error, fraud, mistake, and corruption, to the end that the will of the people shall prevail. In the instant case, Appellee Parker, by filing his application on January 25 to have his name placed on the ballot, was in compliance with the Education Code. His non-compliance with the Election Code by a mere eleven days did not destroy the purity of the ballot box. We believe the will of the people prevailed by the election of Parker. The purpose of the statute was substantially accomplished. Appellant's points of error one and two are overruled.

In view of our holding, appellant's third point of error, which complains of the trial court's refusal to make findings of fact and conclusions of law is without merit. Appellant's third point of error is overruled.

With regard to Appellee Brownsville Independent School District's contention that the trial court erred in refusing to dismiss the board of trustees as party-defendants because they were improper parties, we disagree. Under Art. 9.31 of the Election Code: "... the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee and shall be served with notice and statement and shall file his reply thereto as in the case of a contestee for office; but in no case shall the costs of such contest be adjudged against such contestee." *Funderburk v. Schulz*, 293 S.W.2d 803 (Tex.Civ.App.—Galveston 1956, no writ). Hence, each and all of the members of the board who acted officially in declaring the results of the election were proper party-defendants as provided for in art. 9.31. Appellee Brownsville Independent School District's cross-point is overruled.

Judgment of the trial court is affirmed.