Joe JORDAN, Appellant,

v.

Eddie NORMAN, Appellee.

No. 09–85–180–CV.

Court of Appeals of Texas, Beaumont.

May 8, 1986.

Michael McGown, Weller, Wheelus & Green, Beaumont, for appellant.

Thomas G. King, Nederland, for appellee.

## OPINION

BURGESS, Justice.

This suit involves the question of who is the proper contestee in a school board trustee election contest. On April 6, 1985, an election for trustee of the Spurger Independent School District, place 4 was held. There was no incumbent on the ballot. The votes were canvassed and it was certified that Eddie Norman had been elected. The results, as canvassed, were: Eddie Norman, 212 votes; Joe Jordan 201 votes; and Johnny Smart 34 votes.

On April 29, 1985, Jordan filed a petition in district court contesting the election results. He contended, among other things, that some votes were cast by non-residents of the district, by individuals not registered to vote and several mail ballots were not

properly mailed. Jordan's petition named Norman as the contestee and Norman was served with the petition. Norman filed a plea in abatement alleging the trial court had no jurisdiction because Jordan had failed to give notice of the contest to any member of the school board who had participated in certifying the election results. The trial court sustained the plea, Jordan now appeals with a single point of error.

The question before this court is which sections of the Texas Election Code govern this type of election contest. Jordan gave notice under *TEX.ELEC.CODE ANN. arts. 9.01, 9.03* (Vernon 1967). These articles state:

Article 9.01—District court, jurisdiction and venue

The district court shall have original and exclusive jurisdiction of all contests of elections, general or special, for all school, municipal, precinct, county, district, state offices, or federal offices, except elections for the offices of Governor, Lieutenant Governor, Comptroller of Public Accounts, Treasurer, Commissioner of the General Land Office, Attorney General, and Members of the Legislature.

Article 9.03—Notice of Contest

Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty (30) days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the 'return day' is meant the day on which the votes cast in said election are counted and the official result thereof declared. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 131.

Norman's position is that the contest is governed by articles 9.30 and 9.31. These state:

Article 9.30—Other contested elections:

If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town, or village, any resident of such county, precinct, city, town, or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter [arts. 9.01–9.38] for contesting the validity of an election for a county office. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 158.

Article 9.31—Parties defendant:

In any case provided for in the preceding Section [art. 9.30], the county attorney of the county, or if there is no county attorney, the district attorney of the district, or the mayor of the city, town or village, or the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in the case of a contest for office; but in no case shall the costs of such contest be adjudged against such contestee, or against the county, city, town, or village which they may represent, nor shall such contestee be required to give bond upon an appeal. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 159.

■ The filing of the election contest must be within 30 days and the the 30-day limit is jurisdictional and non-waivable. *Mitchell v. Carroll Independent School District,* 435 S.W.2d 280 (Tex.Civ.App.—Fort Worth 1968, writ dism'd), *Walker v. Thetford,* 418 S.W.2d 276 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.), *Roberts v. Brownsboro Independent School District,* 575 S.W.2d 371 (Tex.Civ.App.—Tyler 1978, writ dism'd).

Norman relies upon *Zavaletta v. Parker,* 611 S.W.2d 466 (Tex.Civ.App.—Corpus Christi 1980, no writ) for the proposition that articles 9.30 and 9.31 apply in this case. His reliance is placed upon the following language:

"With regard to Appellee Brownsville Independent School District's contention that the trial court erred in refusing to dismiss the board of trustees as party-defendants because they were improper parties, we disagree. Under Art. 9.31 of the Election Code: '... the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee and shall be served with notice and statement and shall file his reply thereto as in the case of a contestee for office; but in no case shall the costs of such contest be adjudged against such contestee.' *Funderburk v. Schulz*, 293 S.W.2d 803 (Tex.Civ. App.—Galveston 1956, no writ). Hence, each and all of the members of the board who acted officially in declaring the results of the election were proper party defendants as provided for in art. 9.31."

It is clear the Corpus Christi court relied upon *Funderburk v. Schulz*, 293 S.W.2d 803 (Tex.Civ.App.—Galveston 1956, no writ). We believe their reliance is misplaced. An important distinction is that *Funderburk, supra*, was a school bond election contest, not a trustee election contest.

■ We find no cases speaking to this exact issue. There are, however, cases which have, as their subject matter, a school trustee contest. In many of these, only the candidate was named as a contestee and not the school board or a member who participated in the canvass.[1] We respectfully decline to follow our colleagues in the *Zavaletta* case. We hold that sections 9.01 and 9.03 are the controlling sections in a school board trustee contest. Thus the individual who holds the certificate of election is the proper contestee. The trial court erred in sustaining the plea in abatement. The cause is remanded.

REVERSED AND REMANDED.

1. Cases not on issue but with candidate(s) as contestees. *Guerra v. Ramirez*, 351 S.W.2d 272 (Tex.Civ.App.—San Antonio 1961, writ dism'd); *Perez v. Alarcon*, 491 S.W.2d 688 (Tex.Civ.App.—El Paso 1973, no writ); *Diaz v. Valadez*, 520 S.W.2d 458 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Brewer v. Ross*, 275 S.W.2d 132 (Tex. Civ.App.—El Paso 1954, no writ); *Miller v. Coffee*, 17 S.W.2d 1100 (Tex.Civ.App.—Amarillo 1929, writ dism'd).