**Jesse GANDARA, Appellant,**

v.

**Joe CARRASCO, Appellee.**

**Docket No. 08–85–00246–CV.**

Court of Appeals of Texas,
El Paso.

Sept. 17, 1986.

Susan Larsen, El Paso, for appellant.

John L. Mendez, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and ARMENDARIZ, JJ.

## OPINION

FULLER, Justice.

This is an appeal from the dismissal of a statutory election contest. Appellant, the unsuccessful candidate, sought to challenge the results of the 1985 Socorro Independent School District election for Place 5 Trustee in which Appellee, the only other candidate, prevailed by seven votes. The election was held on April 6, 1985. A certificate of election was issued to Appellee on April 9, 1985. On April 25, 1985, Appellee was served with a notice of intent to contest election and statement of grounds for contest. On September 5, 1985, the Honorable R. L. McKim, presiding judge, dismissed the contest pursuant to motion by the Appellee. As urged by Appellee, the trial court found that former Tex.Elec. Code arts. 9.30 and 9.31 were applicable to this election and contest, that Appellant had not served a notice of contest and statement of grounds upon the officer of the school district who declared the official results of the election, and that such failure was jurisdictional.

Points of Error Nos. One and Two correctly challenge the trial court's conclusions and consequent dismissal. We do not construe former Articles 9.30 and 9.31 as applicable to contests in election to office. In such cases, Article 9.03 is the applicable provision. *Jordan v. Norman,* 711 S.W.2d 358 (Tex.App.—Beaumont, 1986). Article 9.31 indicates that the additional contestee(s) in Article 9.30 actions "shall be served with notice and statement, and shall file his reply thereto *as in the case of a contest for office....*" Prior case law further indicates that former Articles 3069 and 3070 of the 1925 Revised Civil Statutes, the verbatim predecessors of Articles 9.30 and 9.31, were applicable only in contesting elections held for purposes other than for the election of officeholders. *De Shazo v. Webb,* 131 Tex. 108, 113 S.W.2d 519 (1938); *Massay v. Studer,* 11 S.W.2d 227, 228 (Tex.Civ.App.—Amarillo 1928, no writ) (cited with approval in *De Shazo* ).

The present Texas Election Code provisions make the distinction even clearer. Article 9.03 has been replaced by Tex.Elec. Code Ann. sec. 232.003 (Vernon 1986), designating the appropriate contestees under Chapter 232, titled Contest for Office. Articles 9.30 and 9.31 have been replaced by the contestee provisions of Section 233.003 in Chapter 233, titled Contest on Measure. While these new provisions were not applicable to this contest in 1985, they nonetheless further clarify and preserve what we perceive to be an earlier distinction between contests over elective office and over other election measures.

*Beeler v. Loock,* 135 S.W.2d 644 (Tex.Civ. App.—Galveston 1939, dism'd), cited by Appellee, is of no utility in resolving this issue. There, the analysis turned upon whether in an election contest involving seven at-large seats and fourteen candidates, all declared winners were indispensable parties in a contest brought by four unsuccessful office seekers. We accept that court's statement that all candidates are proper parties. That court's decision did not turn upon the statutory notice requirements embodied in the predecessor statutes to Articles 9.30 and 9.31, and is not in conflict with our conclusion.

Appellee's primary reliance in the trial court and on appeal is upon *Zavaletta v. Parker,* 611 S.W.2d 466 (Tex.Civ.App.— Corpus Christi 1980, no writ), the only reported case suggesting the applicability of Article 9.31 to an election for the office of school district trustee. That conclusion was unnecessary to the decision in that case (although not actually dictum as suggested by Appellant). The only basis for the Corpus Christi court's assertion was *Funderburk v. Schulz,* 293 S.W.2d 803 (Tex.Civ.App.—Galveston 1956, no writ), which involved a bond election, not election for office. Furthermore, the appellate court merely held in *Zavaletta* that Article 9.31 rendered the additional board members proper parties, not indispensable parties, and that the trial court did not err in denying their motion to dismiss.

We hold that former Articles 9.30 and 9.31 were inapplicable to this contest in an election for office, and that former Article 9.03 designated the proper contestee upon whom notice and grounds for contest had to be served to invoke the lower court's jurisdiction. Such service was performed in this case, and the lower court erred in dismissing the contest. Points of Error Nos. One and Two are sustained.

The order of dismissal is hereby reversed and the cause remanded for further proceedings.