

# THE ATTORNEY GENERAL
## OF TEXAS

April 24, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Bill Haley                    Opinion No. JM-685
Chairman
Public Education Committee              Re: Whether a school district may
Texas House of Representatives          expend public funds to defend a
P. O. Box 2910                          school board member in an election
Austin, Texas   78769                   contest suit

Dear Representative Haley:

You ask whether a school board may spend public funds to defend a school board member in an election contest. You inform us that a particular candidate was elected to an independent school board on April 4, 1985, by a narrow margin of votes. The unsuccessful candidate immediately filed suit in district court to contest the election. The suit named as defendants the successful candidate, the president of the school board and the district superintendent. It sought a temporary restraining order to prevent the seating of the successful candidate who was seated on or about April 10, 1985. It also sought an injunction to prevent the destruction of ballots and other election materials. The suit is still pending, but is inactive at the present time.

Shortly after the successful candidate was seated, the board instructed its law firm to represent the defendants in the election contest suit, including the school district, the president of the board, the superintendent, and the trustee whose election was at issue in the lawsuit. The law firm has been paid for the legal services rendered from school district funds expended on the authorization of the school board. The board is now attempting to obtain reimbursement from the board member whose election was at issue.

You ask the following questions about this set of facts:

> 1. Whether a school district, acting by and through its Board of Trustees can choose to expend legal funds for legal defense of an asserted election contest;

> 2. Whether a school district, who has acted by and through its Board of Trustees to expend district funds for legal expenditures in defending a Board of Trustee election contest, has a right

> to later demand reimbursement of said expenditures from the Board of Trustee member.

A school district may retain and pay attorneys to protect its interests in a law suit. Attorney General Opinion H-70 (1973); see Stewart v. Newton Independent School District, 134 S.W.2d 429 (Tex. Civ. App. - Beaumont 1939, no writ); Harding v. Raymondville Independent School District, 51 S.W.2d 826 (Tex. Civ. App. - San Antonio 1932, writ dism'd); Arrington v. Jones, 191 S.W. 361 (Tex. Civ. App. - Texarkana 1917, no writ). The school board's authority to employ attorneys is, however, limited to situations where the legitimate interests of the district, and not merely the personal interest of the trustee or trustees, requires representation. Attorney General Opinion H-70 (1973); see Tex. Const. art. III, §§50, 51, 52; State v. Averill, 110 S.W.2d 1173 (Tex. Civ. App. - San Antonio 1937, writ ref'd); Graves & Houtchens v. Diamond Hill Independent School District, 243 S.W. 638 (Tex. Civ. App. - Fort Worth 1922, no writ). See also City of Corsicana v. Babb, 290 S.W. 736 (Tex. Comm'n App. 1927, judgment adopted); City of Del Rio v. Lowe, 111 S.W.2d 1208 (Tex. Civ. App. - San Antonio 1937), rev'd on other grounds, 122 S.W.2d 191 (Tex. 1938); City National Bank of Austin v. Presidio County, 26 S.W. 775 (Tex. Civ. App. 1894, no writ); Attorney General Opinions MW-252, 157 (1980); H-887 (1976); H-544 (1975); WW-1464 (1962); Letter Advisory No. 24 (1973).

Your request letter shows that you are concerned only about the school board's expenditure to defend the successful candidate in the election contest, and not about the expenditure to defend the board as an entity, its chairman, or the superintendent. See generally Attorney General Opinion H-70 (1973). We must consider whether the election contest suit against the successful candidate involves the legitimate interest of the district, and not merely the personal interest of the individual candidate now seated as a trustee.

Your request letter indicates that the board authorized defense of the individual candidate out of concern that it might lack a quorum to do business. You inform us that two of the seven board members faced potential election contests. Four of the seven board members constitute a quorum. You reason as follows:

> Theoretically, should the elections have been determined to have been properly contested and should there have been a period of time during which the seats would have remained vacant proximately to the election contest suits, then, should one other Board of Trustee member be absent from any given Board of Trustee meeting, School District business could not be conducted.

At the time of the April 1985 election the board faced important business relating to investigations of the prior board's handling of

funds.  Thus,  the  board  believed  it  needed  to  act  swiftly  and decisively to authorize defense of the lawsuits.

The above line of reasoning does not demonstrate that the board reasonably believed that attendance at meetings might drop below four members or that payment of the individual member's legal fees would alleviate that problem.  More important, the board's concern about its quorum requirement was entirely unwarranted.  Section 221.015 of the Election Code provides that an office will not be vacant while it is the subject of a pending election contest suit.  This statute provides in part:

> (a)  If  the  official  result  of  a  contested election  shows  that  the  contestee  won,  on qualifying  as  provided  by  law  the  contestee  is entitled  to  occupy  the  office  after  the  beginning of  the  term  for  which  the  election  was  held, pending  the  determination  of  the  rightful  holder of the office.

> . . . .

> (c)  If  a  final  judgment  declaring  the  con-testant  elected  is  rendered  after  the  beginning  of the  term  for  which  the  contested  election  was held,  on  qualifying  as  provided  by  law  the contestant  shall  assume  office  as  soon  as practicable after the judgment becomes final.

> (d)  An  officeholder  under  Subsection  (a)  is entitled  to  the  emoluments  of  the  office  that accrue  during  the  period  of  occupancy.   A  con-testant  who  gains  the  office  is  not  entitled  to emoluments  for  any  period  before  the  contestant assumes office.

Section 221.015 of the Election Code incorporates the common law rule that a person who takes office under color of election is a de facto officer.  See Gonzalez v. Duran, 250 S.W.2d 322 (Tex. Civ. App. - San Antonio 1952, writ ref'd); Forwood v. City of Taylor, 208 S.W.2d 670 (Tex. Civ. App. - Austin), reh'g denied, 209 S.W.2d 434 (Tex. Civ. App. - Austin), aff'd, 214 S.W.2d 282 (Tex. 1948).  The law will hold valid a de facto officer's exercise of the duties of office to the extent that these duties involve the interests of the public and of third parties.

Public officers are presumed to know the law relating to their responsibilities.  Miller v. State, 53 S.W.2d 838 (Tex. Civ. App. - Amarillo 1932, writ ref'd); Colonial Trust Co. v. Hill County, 27 S.W.2d 144, judgment adopted (Tex. Comm'n App. 1930).  Payment of the

individual trustee's expenses was unnecessary to the board's meeting its quorum requirement.

It is also suggested that the board should pay for the individual trustee's legal defense because his election was contested through no fault of his own. He won the election by a very narrow margin and the contest apparently relates to the accuracy of the vote count. The school trustees appoint the election judges, Elec. Code §32.005(a); therefore, it is argued, the school district should pay the contestee's legal expenses in the election contest. We do not believe this reason justifies the expenditure for legal fees. The school district is not legally liable to candidates for whatever economic injury they have sustained through the election judge's performance of duties. See Civ. Proc. and Rem. Code §§101.026, 101.052; Campbell v. Jones, 264 S.W.2d 425 (Tex. 1954); Treadaway v. Whitney Independent School District, 205 S.W.2d 97 (Tex. Civ. App. - Waco 1947, no writ). See also Jordan v. Norman, 711 S.W.2d 358 (Tex. App. - Beaumont 1986, no writ). The school district could not voluntarily assume the contestee's legal expenses.

The proposed reasons for paying for the winning candidate's defense do not constitute legitimate interests of the school district. The election contest in this case is the last step of the process by which an individual establishes that he has been elected trustee. It is difficult to justify on any grounds a school district's financial support of one contender in an election contest. The courts of other states have held that an individual officer's legal expenses in an election contest may not be paid from public funds. The reasoning in these cases is helpful in answering your question.

In Paslay v. Brooks, 17 S.E.2d 865 (S.C. 1941), the Supreme Court of South Carolina concluded that school trustees could not use school district funds to pay their legal expenses arising out of contested elections and other matters concerning their effort to be reelected. The court stated as follows:

> A school district in its corporate capacity has no interest in the success of any individual or group of candidates who may run for the office of school trustee. There is no authority in this State, statutory or otherwise, which empowers school trustees to issue warrants covering fees of counsel for candidates engaged in a legal contest for the office of school trustee. It is not the duty of the public to pay for such services; such is not a school district purpose, and the taxpayers of a school district cannot legally be called upon to meet the expenses of such contests growing out of school district elections.

Paslay v. Brooks, 17 S.E.2d at 868.

In Markham v. State, Department of Revenue, 298 So.2d 210 (Fla. Dist. Ct. App. 1974), a county tax assessor sought a declaration that his office could lawfully pay the attorneys fees in his successful defense of an election contest for the office. The court introduced this question as follows:

> It is a fundamental concept of the law in Florida and elsewhere that public funds may not be expended for other than public purposes. Public officers are, of course, entitled to a defense at the expense of the public in a law suit arising from the performance of the officer's official duties and while serving a public purpose. (Emphasis in original).

Markham v. State, Department of Revenue, 298 So.2d at 211. It further stated that the election contest was not against the appellant in his official capacity, nor did it arise from the discharge of his official duties or serve a public purpose. Instead,

> [t]he suit was a pure and simple election contest relating to the validity of certain absentee votes. . . . [H]ad the contestant been successful in his attack upon the votes the appellant would have ceased to be tax assessor and his opponent would have taken office. The office, functions and duties of tax assessor would not have been in any manner altered. There would simply have been another man filling the position.

298 So.2d at 212. The election contest was a personal matter between the candidates and no public purpose justified the expenditure of public funds on it.

A New Jersey court considered whether the former mayor of Atlantic City could require the city to pay his legal expenses in his successful defense of an election contest. Matthews v. City of Atlantic City, 481 A.2d 842 (N.J. Super. Ct. Law Div.), aff'd, 482 A.2d 530 (N.J. Super. Ct. App. Div.), petition for cert. denied mem., 491 A.2d 708 (N.J. 1984). The New Jersey court found the reasoning of the Florida case of Markham v. State, Department of Revenue, supra, to be persuasive. It also noted that plaintiff was not acting in an official capacity as mayor when any of the relevant events occurred, and concluded that the city was precluded from paying his legal expenses.

We conclude that no school district interest is served by paying for the individual trustee's defense in the election contest at issue.

You also ask whether the school district has a right to demand reimbursement of these expenditures from the individual trustee. In

Attorney General Opinion MW-93 (1979), this office considered whether a school board could seek reimbursement from school board members who had received unauthorized travel expenses.  It concluded that the board had authority to require reimbursement of illegally paid travel expenses.  The same reasoning applies in the present case.  The board may seek reimbursement from the individual on whose behalf unauthorized payments of legal expenses were made.  See Educ. Code §23.26(a) (board has power to sue and be sued).

## S U M M A R Y

A school district may expend public funds to defend its interests in a lawsuit, but may not do so to represent the purely personal interests of an individual trustee.  The school district has no authority to pay the legal expenses of an individual school trustee in defending an election contest involving the vote count in his election as trustee.  A school board which has paid the individual trustee's legal expenses in this case may seek reimbursement from the individual trustee.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General