**Robert H. BOHM, Appellant,**

v.

**STATE OF ALASKA, Appellee.**

No. 18555.

United States Court of Appeals
Ninth Circuit.
July 16, 1963.

852

Marshall W. Frazier, San Jose, Cal., for appellant.

George N. Hayes, Atty. Gen., John K. Brubaker, Asst. Atty. Gen., State of Alaska, Juneau, Alaska, for appellee.

Before HAMLEY, JERTBERG and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge.

Robert H. Bohm, in custody pursuant to a judgment of a court of the State of Alaska, appeals from an order denying his application for a writ of habeas corpus.

The principal ground of relief asserted in the application was that Bohm was unconstitutionally denied the assistance of counsel in connection with proceedings which led to revocation of his parole and return to custody. The district court denied the application without hearing, ap-

parently upon the ground that if Bohm was denied the assistance of counsel in the revocation hearing, this did not infringe upon any of Bohm's constitutional rights.

In his application for a writ of habeas corpus Bohm named the State of Alaska as respondent. He alleges in his application, however, and this must have been the case in order for the United States District Court for the Western District of Washington, Southern Division, to have jurisdiction of the subject matter, that he is incarcerated in the United States Penitentiary, McNeil Island, Washington. This is apparently pursuant to an arrangement between Alaska and the federal government.

■■ When one who is held in custody pursuant to the judgment of a state seeks a writ of habeas corpus, he asserts a right to relief against his custodian, and not against the state.[1] The necessary respondent here is not Alaska, but the warden of McNeil Island Penitentiary. Without the presence of the warden as respondent the district court could enter no order which would be binding upon the person who has Bohm in custody.

Accordingly, and for that reason alone, we must affirm the district court order denying the application.

Anticipating the commencement of a new habeas corpus proceeding by Bohm in which the warden will be named as respondent, we think it appropriate to observe that the papers before us indicate that Bohm may have been offered the assistance of counsel at the revocation hearing and may have intelligently waived the same.[2] If this is true, as may be determined in a hearing in the district

---

1. Chessman v. Teets, 9 Cir., 239 F.2d 205, 210, vacated on other grounds, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253; United States ex rel. Elliott v. Hendricks, 3 Cir., 213 F.2d 922, 926; Jones v. Biddle, 8 Cir., 131 F.2d 853, 854. See, also, Graham v. Carr, 9 Cir., 112 F.2d 908.

2. This information comes to us in the form of recitals contained in appellee's brief which go outside the record, and contained in a so-called "Supplemental Tran-

script of Record," which has no standing as such. It does not contain the originals or copies of documents which were before the district court in the habeas corpus proceeding, transmitted to this court under the certificate of the clerk of the district court. See Rule 75, Federal Rules of Civil Procedure. We could not utilize the "Supplemental Transcript" on the representations outside of the record contained in appellee's brief as a basis for affirming the order under

court, the application would be subject to denial without reaching the question of whether Bohm had a constitutional right to counsel in that hearing.

Constitutional questions are not entertained in the federal courts in advance of the strictest necessity. Taylor v. United States, 9 Cir., 1963, 320 F.2d 843.

The order of denial is affirmed.

review. However, we may appropriately note therefrom that another question lurks in the case which, in the interests of sound judicial administration, ought to be decided.