The **STATE** of Texas, Appellant,

v.

Anastacio **VARGAS**, Appellee.

No. 14613.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 4, 1967.

Crawford C. Martin, Atty. Gen., of Texas, George M. Cowden, A. J. Carubbi, Jr., R. L. (Bob) Lattimore, Monroe Clayton, Asst. Atty. Gen., Austin, for appellant.

Rizik & Lieck, San Antonio, for appellee.

KLINGEMAN, Justice.

Suit for damages for wrongful conviction and imprisonment, by Anastacio Vargas, appellee here, against the State of Texas, appellant here, under the provisions of Art. III, Sec. 51–c, Tex.Const., Vernon's Ann.St., and Vernon's Ann.Tex.Pen.Code Art. 1176a (1966), herein referred to as the "Act." Trial was by the court without a jury and judgment was rendered awarding appellee $20,000.00 in damages for physical and mental pain and suffering.

In 1925, appellee was indicted and tried for the murder of Louisa Garcia, and upon trial was found guilty and his punishment assessed at life imprisonment. Upon appeal, this conviction was set aside and the cause remanded for a new trial. In 1926, he was again found guilty, and his punishment fixed at death. In both of such trials appellee plead not guilty. On November 2, 1927, he was sentenced to death by electrocution. A stay was granted about four hours prior to execution, and his sentence commuted to life imprisonment. Subsequently, on October 21, 1929, appellee was granted a full pardon. Appellee was in confinement for about four years, approximately two of which were in the State Prison.

Appellant, by three points of error, contends that: (a) the finding by the trial court that Vargas is not guilty of the crime for which he was sentenced is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong; (b) there is no evidence to support the finding by the trial court that Vargas sustained damages in the sum of $20,000.00; (c) the trial court erred in admitting and considering, on the question of guilt or innocence of Vargas, that part of the pardon which

referred to certain opinions and investigations of unnamed Bexar County peace officers, in that this evidence was hearsay.

■ The only witness who testified at the damage suit as to whether Vargas was guilty or not was Vargas himself, who testified that he did not kill Louisa Garcia. There is testimony to the effect that all of the other witnesses who testified at the murder trial are either dead or that the State was unable to locate them after diligent search. The trial court observed the demeanor and conduct of appellee while on the witness stand, and also had before it the records of the two murder trials. We have carefully examined all of such records. The testimony in the murder trial is conflicting and cannot be said to be conclusive of the guilt of Vargas. The trial court's finding in the case before us that Anastacio Vargas is not guilty of the crime for which he was sentenced is sufficiently supported by the evidence, and appellant's point of error that the finding of the trial court is so against the overwhelming weight and preponderance of evidence as to be clearly wrong is overruled.

■ Appellant's point of error as to damages is a "no evidence" point. " 'No evidence' points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact." Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Rev. 361, 362 (1960).

■ The record discloses that appellee was imprisoned for about four years, of which approximately two years was in a State penitentiary, and that he was on "death row" two months and five days. On the day set for his execution, his head was

shaved, he was served his "last meal," and was shown the coffin in which he was to be buried. He testified that he had a wife and two children at the time of his imprisonment, that he never got to see them, that he worried about them greatly, and that after the death cell experience it was hard for him to remember because of the mental anguish he had suffered. The trial court's finding that Vargus suffered extreme physical and mental pain and suffering as a proximate result of his erroneous conviction and imprisonment, and that he sustained damages in the sum of $20,000.00, is sufficiently supported by the record, and appellant's "no evidence" point is overruled.

Appellant's other point of error is the alleged error of the trial court in admitting and considering certain matters contained in the pardon, over appellant's objection to its admission and consideration as being hearsay evidence and therefore incompetent. The Act provides that the pardon or proclamation issued by the Governor is admissible in evidence. When the pardon was offered into evidence, appellant stated that it had no objection to the introduction of the pardon itself, but as to the truth of the contents, appellant objected to it as being hearsay and to its being any evidence of appellee's innocence. The trial court admitted such evidence, but reserved ruling on "whatever the law is." The record does not show that the trial court made any subsequent ruling in regard thereto. There is no evidence in the record that the trial court considered any hearsay matter contained in the pardon.

Where the record discloses evidence sufficient to support the judgment, without resort to evidence admitted over appellant's objection, error, if any, was harmless, in view of the presumption that the trial court considered only admissible evidence supporting the judgment. Stevens Bros. v. Mills, 336 S.W.2d 921 (Tex.Civ.App.—Beaumont 1960, writ ref'd n. r. e.); Hoffman v. Tolbert, 327 S.W.2d 604 (Tex.Civ.App.—Texarkana 1959, no writ); Brewer v. Ross, 275 S.W.2d 132 (Tex.Civ.App.—El Paso 1954, no writ); Rubenstein & Son Produce v. State, 272 S.W.2d 613 (Tex. Civ.App.—Dallas 1954, writ ref'd n. r. e.); Texas Employers' Ins. Ass'n v. Polk, 269 S.W.2d 582 (Tex.Civ.App.—Eastland 1954, writ ref'd n. r. e.).

All of appellant's points of error are overruled. The judgment of the trial court is affirmed.