The STATE of Texas, Petitioner,

v.

Anastacio VARGAS, Respondent.

No. B–591.

Supreme Court of Texas.

Feb. 7, 1968.

Rehearing Denied March 6, 1968.

Crawford C. Martin, Atty. Gen., Monroe Clayton, Asst. Atty. Gen., Austin, for petitioner.

Rizik & Lieck, Michael Rizik, San Antonio, for respondent.

PER CURIAM.

In the trial of this suit by Vargas against the State of Texas for compensation for wrongful imprisonment, brought under and pursuant to the provisions of art. 1176a, Vernon's Texas Penal Code, the State objected to the admission in evidence and consideration by the court of certain recitations in Vargas' pardon proclamation signed by the Acting Governor and filed in the office of Secretary of State in 1929.

The court of civil appeals held that if admission of the recitations was error, the error was harmless. 419 S.W.2d 926. We are of the opinion that admission of the recitations was not error and we do not reach the problem of harmless error. Accordingly, the application for writ of error is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure.

Article 957, Texas Code of Criminal Procedure, in force in 1929 when Vargas was pardoned, required the Governor when granting a pardon to "file in the office of Secretary of State his reasons therefor." The Code of Criminal Procedure was revised in 1965 by the same Legislature which enacted art. 1176a, and art. 48.02 of the Revised Code is identical with art. 957 of the former code.

The recitations contained in the Vargas pardon proclamation to which the State objected on the ground that they were hearsay and incompetent as evidence, are "reasons" given by the Governor for granting the pardon.

With full knowledge of the statutory requirement that the Governor give his "reasons" for granting a pardon, the Legislature provided in sec. 5 of art. 1176a that in a suit for compensation brought under the statute "The record of the trial at which the person bringing suit * * * was convicted, and the pardon or procla-

mation issued to him by the Governor are admissible as evidence * * * ." By this provision the Legislature created an exception to the hearsay rule of exclusion and made the "reasons" given by the Governor in a pardon proclamation competent evidence on any issue to which it is relevant, including the issue of guilt of the person pardoned of the offense for which he was imprisoned.