SKYLINE FURNITURE, INC., a corporation, Appellant,

v.

K. P. GIFFORD, d/b/a Finance Trust Company, Appellee.

No. 5964.

Court of Civil Appeals of Texas.

El Paso.

Oct. 16, 1968.

Rehearing Denied Nov. 20, 1968.

———◆———

Joseph Abraham, Jr., Guevara & Rebe, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille and Richard Munzinger, El Paso, for appellee.

## OPINION

FRASER, Chief Justice.

This is an appeal from the County Court at Law No. 2 of El Paso County, Texas. The facts, briefly, are that appellee brought suit on a promissory note secured by a chattel mortgage which appellee had purchased from appellant. The basic part of such assignment is as follows:

"PAY TO FINANCE TRUST CO. WITHOUT RECOURSE, For VALUE RECEIVED, the promissory note and purchase money mortgage between the Purchaser and undersigned are hereby endorsed and assigned respectively to said assignee and all right, title and interest of the undersigned in and to the property therein described, together with all moneys due or to become due or payable thereunder are hereby sold, assigned and transferred by the undersigned to the said endorsee-assignee. This assignment is made WITHOUT RECOURSE but the undersigned makes the following warranties: * * * (d) That the Purchaser is of legal age * * *."

"The undersigned agrees that in the event of the breach of any of the foregoing warranties the waiver of recourse against said undersigned shall be abrogated and the said undersigned unconditionally guarantees the full performance of all of the terms and conditions of said note and contract by the Purchaser therein."

Trial was to the court without a jury, appellee seeking to recover against appellant by reason of the breach of an express warranty included in the excerpt above, which was to the effect that the original purchaser of the merchandise from appellant was of legal age, which he was not. The court entered judgment in behalf of the appellee for principal, interest and attorney's fees in the total amount of $531.64. No Findings of Fact or Conclusions of Law were requested by appellant and none have been filed.

As stated above, appellant sold the merchandise to a minor, and then negotiated the note and mortgage to appellee by the instrument, the salient parts of which we have already included. It might be well to say here that the endorsement and assignment, while reciting that it was without recourse, contained several warranties made by appellant to appellee. The pertinent one is contained in sub-paragraph (d), and is a part of the excerpt already included in this opinion. It will be noted that while the assignment is made without recourse, the assignor or undersigned made the following warranty: " * * * (d) That the Purchaser is of legal age." As will be noticed, this excerpt from the assignment also states that in the event of the breach of any of the foregoing warranties, the waiver of re-

course against said undersigned shall be abrogated and the said undersigned unconditionally guarantees the full performance of all of the terms and conditions of said note and contract by the purchaser therein.

It is not disputed that defendant Scott Hamilton and Allen H. Beuchler are, in fact, one and the same person, and that the note was executed by Scott Hamilton as maker. It is also agreed that there is evidence that at the time Hamilton executed the note, he was not of legal age. On discovering that Hamilton was not of legal age, appellee brought suit seeking to enforce liability on appellant by reason of the contract, and the breach of warranty, and the unconditional guarantee as set forth above.

The case was tried on plaintiff's Second Amended Original Petition, which incorporated the contract by reference and included a prayer for general relief; and on appellant's Original Answer, an unsworn general denial.

■ The point of error relied on by appellant, and his assignments of error set forth under such point of error, are "no evidence" points. It is elementary that a "no evidence" point can be sustained only in the absence of evidence of a vital fact, or that the court is barred by rules of law or evidence from giving any weight to the only evidence offered to prove a vital fact; or that the evidence offered to prove a vital fact is no more than a mere scintilla; and lastly, that the evidence establishes conclusively the opposite of the vital fact. This rule is so evident that we will not present any citations other than the article by Chief Justice Calvert, entitled " 'No Evidence' and 'Insufficient Evidence' Points of Error", 38 Texas Law Review 361, 362; and State v. Vargas, 419 S.W.2d 926 (San Antonio Tex.Civ.App., n. w. h.). This position of the appellant cannot be sustained because even a cursory examination of the record shows that there is evidence on the salient points. It is undisputed that the maker (the minor) executed a note for a valuable con-

sideration and delivered it to appellant, and that following this transaction, the appellant executed the endorsement and assignment referred to above, for a valuable consideration, and delivered the said instrument to the appellee. It is obvious that the appellee was a holder in due course, in that he acquired the instrument, which was complete and regular on its face, was not over-due, paid a valuable consideration therefor, and purchased the note without notice of any infirmity in the instrument or defects in the appellant's title thereto. Appellant does not dispute the fact that the maker of the note was not of legal age when he purchased the merchandise from Skyline Furniture Company and the note in question was executed. Under the record as here presented, the test set forth by Chief Justice Calvert was not met by the appellant because there is evidence in the record supporting the judgment, and therefore appellant's "no evidence" point is not well taken.

■ Further, it must be noted that this case was tried without a jury, and no Findings of Fact or Conclusions of Law were requested or filed, and therefore the judgment should be affirmed if there is sufficient evidence to support it on any lawful theory, and every issue sufficiently raised by the evidence must be resolved in support of the judgment. Sunset Brick & Tile, Inc. v. Bushong, 419 S.W.2d 386 (Tex.Civ.App., n. w. h.); Henderson v. Willmon, 407 S.W.2d 24 (Tex.Civ.App., wr. dism.); 4 Tex.Jur.2d, Appeal and Error, § 747. It is our opinion that there are several theories upon which the trial court's judgment finds support. For example, appellant unconditionally guaranteed the obligation in the event of a breach of any of the warranties set forth in the endorsement (the instrument itself recites under (d) that the purchaser is of legal age). Also, in the instrument of assignment, appellant, on breach of any of the warranties, abrogated the waiver of recourse, and his endorsement became unconditional and unqualified. With respect

to this particular point, there is no dispute, as we have said before, that the appellant expressly warranted to the appellee that the purchaser, Scott Hamilton, was "of legal age" at the time the instrument was negotiated. The instrument further agreed "that in the event of the breach of any of the foregoing warranties * * * the said undersigned unconditionally guarantees the full performance of all of the terms and conditions of said note and contract by the purchaser therein." By the inclusion of the quoted provision, appellant became guarantor of the primary obligation and unconditionally guaranteed the full performance and satisfaction of the entire instrument according to its tenor. Ganado Land Co. v. Smith, 290 S.W. 920 (Tex.Civ.App., wr. ref.); Rice v. Travelers Express Co., 407 S.W.2d 534 (Tex.Civ.App., n. w. h.); Birge v. Community Finance Corporation, 380 S.W.2d 754 (Tex.Civ.App., n. r. e.). Further, the trial court's judgment finds support on the theory that appellant's endorsement was only a qualified one and made "without recourse". Art. 5934, Sec. 38, Vernon's Ann.Tex.Civ.St., states that a qualified endorsement may be made by adding the words "without recourse" to the endorsement; but such a qualified endorsement includes by force of statute a warranty by the endorser that all prior parties on the instrument had capacity to contract. See Art. 5936, Sec. 65(3), V.A.T.S. We believe that the Legislature, in enacting the aforesaid statute, required a qualified endorser to warrant that his predecessors in title had capacity to contract. Here, it cannot be argued that Scott Hamilton did not have legal capacity to enter into this contract.

Appellant seeks to avoid liability on the ground that the language "of legal age" is ambiguous and meaningless. We do not find any merit in this statement or his argument in support thereof. In any event, a person seeking to establish ambiguity in a written contract has the burden of pleading the ambiguity by setting out that portion of the contract that it is claimed is ambiguous, and definitely pleading the meaning or construction thereof as relied on by him. 13 Tex.Jur.2d 648, Contracts, § 373; Rule 94, Texas Rules of Civil Procedure. The question of whether an ambiguity exists in the contract is one of law for the court. 13 Tex.Jur.2d 263, Contracts, § 110. The trial court here quite properly declined to hear the extrinsic evidence regarding the intention and meaning of the parties, and in finding that no ambiguity existed in the contract. Again we should like to point out that the appellee was an innocent purchaser or holder in due course.

Appellant also argues that a minor is estopped from pleading his infancy as a bar to recovery on a contract induced through his intentional fraudulent representations that he is of age. But in the case before us, if such representations or deceits were practiced, they were not practiced on the appellee, but on the appellant, who guaranteed the instrument when he sold it to appellee. It is not alleged anywhere that the appellee had notice of or participated in the alleged fraud of Scott Hamilton. See 71 A.L.R. 1278, and 22 Tex.Jur.2d 683, Estoppel. These texts point out that the holder in due course of an instrument of this nature or, as sometimes designated, an innocent purchaser for value, cannot be affected by the minor's theory of estoppel unless the aggrieved parties dealt with the minor or had some privity of contract with him and acted in some way in reliance upon a representation of the minor. Here, the minor bought his furniture from the appellant; the appellant then sold the promissory note or instrument to appellee, and there is no evidence that appellee had any contact with or privity with the minor, or had any reason to believe that the original maker, to-wit, the minor, was not legally capable of executing a contract.

In summation, we should like to point out that the entire controversy has been treated by both parties as one alleged error, rather than a number of points. We

have endeavored to write our opinion accordingly and to discuss the various theories presented by both parties. It cannot be denied that the wording included in the earlier part of this opinion, considered with the facts—to-wit, the minority of the original maker and the ignorance of this fact by the appellee—entitles the appellee to recover. There were no Findings of Fact or Conclusions of Law, and we have treated this case accordingly.

For these reasons, appellant's point of error is overruled and the decision of the trial court is in all things affirmed.