**Willie GILBERT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 193.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 15, 1969.

Rehearing Denied Feb. 12, 1969.

Edward R. Baird, Houston, for appellant.

Crawford C. Martin, Nola White, Hawthorne Phillips, Robert C. Flowers, Monroe Clayton, Austin, for appellee.

BARRON, Justice.

This is a suit for alleged wrongful imprisonment under the provisions of Article 1176a, Vernon's Ann.Penal Code. Appellant, Willie Gilbert, brought suit against The State of Texas seeking compensation for an alleged wrongful imprisonment in the Texas Department of Corrections for approximately fourteen years.

The appellant was convicted of murder with malice in 1953 in Cause No. 68267 in Criminal District Court No. 3 of Harris County, Texas. He was found guilty and sentenced by the trial judge to a term of 99 years. The judgment of conviction was affirmed on appeal. See Gilbert v. State, 159 Tex.Cr.R. 424, 265 S.W.2d 100 (1953). On August 7, 1965, the Court of Criminal Appeals, without written opinion, denied appellant's application for writ of habeas corpus. Thereafter, appellant filed his petition for habeas corpus in the federal court where, on July 31, 1967, the United States District Court for the Southern District of Texas, granted him relief on the grounds that his confession had been unconstitutionally obtained and ordered the State of Texas to grant appellant a new trial within ninety days "failing which he shall have his release." The State of Texas did not appeal from this order. On November 7, 1967, upon motion of the State, fourteen years after the original trial, the criminal accusation against appellant was dismissed because of "insufficient evidence," and appellant was released from custody.

No pardon or proclamation has been issued by the Governor of Texas to appellant.

The case was tried without a jury, a jury having been waived, and after consideration of the stipulations, the pleadings, the evidence and argument of counsel the trial court denied appellant relief and entered judgment for The State of Texas as a matter of law, because appellant had not received a pardon as required by Section 2 of Article 1176a, such as would entitle him to claim compensation under said article. From the judgment of the trial court appellant, Willie Gilbert, has perfected his appeal.

Appellant contends that no conviction exists against him for which he can obtain a pardon, and that the dismissal of the indictment against him and the order releasing him from custody is effective under the statute in the place of the required full pardon.

Prior to the amendment of the Texas Constitution in 1956, an action could not be maintained against the State of Texas for damages or aid and compensation upon grounds of wrongful conviction or imprisonment.

In 1956, the Constitution was amended by the adoption of Section 51–c to Article III, which reads:

"The Legislature may grant aid and compensation to any person who has heretofore paid a fine or served a sentence in prison, or who may hereafter pay a fine or serve a sentence in prison, under the laws of this State for an offense for which he or she is not guilty, under such regulations and limitations as the Legislature may deem expedient."

This constitutional amendment was held not self-enacting in State v. Clements, 319 S.W.2d 450, 453 (Tex.Civ.App.), writ ref. In Clements the Court said that aid and compensation, if the plaintiff is to have it, would have to be determined under such regulations as the Legislature might enact. These "regulations" were provided by the Legislature in 1965 with the enactment of Article 1176a, Vernon's Ann.Penal Code. Section 2 of Art. 1176a provides as follows:

"Sec. 2. A person is entitled to compensation provided by this Act:

(a) if he has served, in whole or in part, a sentence in prison under the laws of this State; and

(b) if he pleaded 'not guilty' to the charge for which he was convicted and which led to the imprisonment; and

(c) if he is not guilty of the crime for which he was sentenced; and

(d) if he has received a full pardon for the crime and punishment for which he was sentenced."

The power to grant pardons in criminal cases is vested solely in the Governor by Article IV, Section 11, of the Constitution of Texas, which provides that the Governor can exercise such power only upon the written recommendation and advice of the Board of Pardons and Paroles. See also Art. 48.01, Vernon's Ann.Code of Criminal Procedure. With full knowledge of the exclusive power in the Governor to grant unconditional pardons, the Legislature provided in Section 5 of Art. 1176a that the pardon issued by the Governor is admissible as evidence in a suit brought by a claimant under the Act. State v. Vargas, 424 S.W.2d 416 (Tex.Sup.).

 Rather than seeking release through the available procedures with the Board of Pardons and Paroles, appellant sought and gained relief by way of habeas corpus in the federal judiciary. Having elected relief through the federal court, appellant cannot now complain that he is unable to secure a pardon where he has, in effect, waived such pardon as contemplated by the Texas statute on the subject. It is clear that the Act was not intended to benefit those persons who have gained release by way of habeas corpus, and there is no legal bar to further prosecution for the offense charged. Moreover, the judgment of conviction of appellant is not necessarily rendered void by the granting of habeas corpus. When one who is held in custody pursuant to the judgment of a state and who seeks a writ of habeas corpus, he asserts a right to relief against his custodian, and not against the state. Bohm v. Alaska, 320 F.2d 851, 852 (9th Cir. 1963); United States ex rel. Elliott v. Hendricks, 213 F.2d 922, 926 (3rd Cir.); Jones v. Biddle, 131 F.2d 853, 854 (8th Cir.). And see Fay v. Noia, 372 U.S. 391, 423–424, 83 S.Ct. 822, 9 L.Ed.2d 837, and footnote 34. The guilt or innocence of appellant is not brought into question by habeas corpus. Only the legality of the detention is relevant.

 In the absence of a constitutional or statutory provision therefor, the State is ordinarily not liable for the torts of its officers or agents. See 52 Tex.Jur.2d, Sec. 50, p. 761. Legislative grants of rights or privileges must be construed strictly in favor of the State on grounds of public policy, and whatever is not unequivocally granted in clear and explicit terms is withheld. Any ambiguity or obscurity in the terms of the statute must operate in favor of the State. Rose v. Governor, 24 Tex. 496; Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265; State v. Standard, 414 S.W.2d 148, 153 (Tex.Sup.).

 The Legislature having required that a claimant receive a full pardon for the crime and punishment for which he was sentenced, and no pardon having been shown, we affirm the judgment of the trial court. We cannot extend the clear meaning of the statute by implication.

Affirmed.