**Vollie M. PILAND, Appellant,**

v.

**TEXAS BOARD OF ARCHITECTURAL EXAMINERS, Appellee.**

**No. 12651.**

Court of Civil Appeals of Texas, Austin.

Feb. 1, 1978.

James M. Mabry, Austin, for appellant.

John L. Hill, Atty. Gen., Bill Campbell, Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

The Texas Board of Architectural Examiners revoked the license of Vollie M. Piland to practice architecture in this state, effective December 31, 1975, after a hearing on complaint that Piland appropriated plans of another architect, to which Piland affixed his own seal and name.

Piland appealed from the Board's order to district court in Travis County, and from judgment affirming action of the Board of Examiners, Piland brings this appeal presenting three points of error. We will affirm the judgment of the trial court.

Piland is licensed to practice architecture in the State of Oklahoma, and was granted license to practice in Texas under reciprocal arrangements between the states. The architectural plans involved in the complaint consist of seven sheets of drawings, constituting a portion of more extensive plans comprising fifty-seven pages, originally prepared by David Ashcroft, a licensed architect doing business as Southwest Design Group. Ashcroft prepared the plans for Valley Community Hospital in Brownsville, and under their contract the hospital became the owner of the plans, with agreement that Ashcroft would be compensated for any future use.

Some time later Henry Houseman, a security underwriter interested in organizing and financing hospital projects, acquired the complete plans. In his customary operations, Houseman obtained services of an architect and a construction company, and handled all financing of a project. Houseman handled financing for Valley Community Hospital, and was reimbursed only for his expenses.

In acquiring the Valley Community plans originally prepared by Ashcroft, Houseman exchanged his expenses for a period of eighteen months for ownership of the plans for the purpose of using the plans as a preliminary basis for future hospital projects in which he was interested, without regard to whether the plans were finally adopted on the proposed project.

In 1975 Houseman undertook to submit plans to the Texas State Department of Health for five prospective projects. In this connection, Houseman, not licensed as an architect, requested Piland to submit plans for him to the Department of Health, under an arrangement by which Piland would be the architect, Tandy Industries would construct the hospitals, and Houseman would supply the financing.

Piland removed Ashcroft's seal from the plans, replaced the seal with his own, and submitted the plans as requested by Houseman. Willian Everett, an architect with the State Health Department who had worked with Ashcroft on the Valley Community Hospital project, recognized the plans as the work of Ashcroft. Ashcroft was notified, after which the Board of Examiners was advised, resulting in the complaint heard by the Board.

Under his first point of error Piland contends that the trial court erred in "holding that appellant's conduct constituted dishonest practices." Pursuant to statutory authority, the Board of Architectural Examiners adopted Rules and Regulations in which dishonest practices are defined. Art. 249a, sec. 5(b), V.A.C.S. Under Section 8.06(d), Chapter VIII, of the Rules and Regulations, one dishonest practice is defined as "acts which evidence attempts or success in efforts violating rules regarding the use of an architect's seal; see Chapter 6." Section 6.05 (under Chapter VI) provides:

"6.05 Prohibited Use

No registrant shall affix the seal, and/or signature and/or registration number to sketches, working drawings, specifications, or other documents developed by others not under the direct and continuing supervision and not subject to the authority of that registrant in critical, professional judgments."

The Legislature authorized the Board to revoke and cancel the right of any person to practice architecture, after notice and hearing "and upon proof of the violation of the law . . . or for dishonest practice on the part of the holder of such registration certificate." (Emphasis added) Art. 249a, sec. 11.

Piland argues that to show dishonest practice (1) there must have been proof of intent to mislead; that (2) misuse of the seal can be raised only in matters of "critical, professional judgments," as used in the final clause of Section 6.05; and that (3) revocation is authorized only when the architect places his seal on the work of another person who is not licensed to practice architecture. We find merit in none of these arguments.

Piland's first argument rests upon that provision of Section 8.06(c) of the Rules, which includes as a dishonest practice "Acts which evidence attempts by an architect, through commission or omission, *to mislead or defraud* any person or persons." (Emphasis added) The Board in its order revoking Piland's license recited a charge under this section as one of several charges in the complaint, and found all charges to be true. Subsection c. stands as an independent ground for revocation, as does Subsection d. which deals with misuse of the seal in violation of Section 6.05, set out above. Proof of intent to mislead or defraud is not required to sustain charges under Subsection d.

The second argument is grounded on a misinterpretation of the Rules. Section 6.05 clearly permits use of an architect's seal on the work of another person *only* when that person is "under the direct and continuing supervision" of the registered architect and is *"subject to the authority of that registrant in critical, professional judgments."* (Emphasis added) The thrust of Piland's argument is that use of the registered architect's seal on the work of another person is permissible in any situation *not* involving "critical, professional judgments," such as submission of preliminary drawings to the Department of Public Health by Piland in 1975.

The Rule speaks for itself. Ashcroft, a registered architect himself, was not under the direct and continuing supervision of Piland and was not subject to Piland's critical, professional judgments. Piland simply took Ashcroft's work, appropriated such portions of the whole as suited Piland's immediate needs as as architect before the Department of Public Health in presenting preliminary drawings for proposed hospitals. In doing so, Piland followed a dishonest practice in that he claimed by seal and signature that the plans were the work of Piland.

By his third argument against the trial court's finding of dishonest practice Piland insists that prohibition against placing of the licensed architect's seal upon the work of another person is limited to plans developed by persons not licensed to practice architecture. The logical converse of this position must be that one licensed architect may appropriate the work of another registrant with impunity, even though the act be a dishonest practice. Whereas Section 9 of Article 249a forbids a registered architect from authorizing unlicensed persons to use the architect's seal, Section 11 of the article deals with the dishonest practice of placement by a registered architect of his seal upon the work of another person.

The Board of Architectural Examiners found, under authority of Article 249a, sec. 11, and of the Rules, Sections 8.06(d) and 6.05, that placement by Piland of his seal upon the work of Ashcroft was a dishonest practice which warranted revoking Piland's license. Upon appeal as provided under Section 11, the district court of Travis County correctly denied relief sought by appellant and affirmed the order of the Board revoking and cancelling Piland's license to practice architecture in Texas.

Since disposition of this appeal is reached in resolving the issues under the first point of error contrary to appellant's contentions, we find it unnecessary to discuss the remaining points. All points of error are overruled.

The judgment of the trial court is affirmed.

Affirmed.