David P. ASHCROFT, Appellant,

v.

W. T. BRADSHAW AND COMPANY et al., Appellees.

No. 5411.

Court of Civil Appeals of Texas, Eastland.

June 26, 1980.

Rehearing Denied July 17, 1980.

Jack N. Price, P. C., Austin, for appellant.

Marc O. Knisely, McGinnis, Lochridge & Kilgore, Austin, for appellees.

DICKENSON, Justice.

Plaintiff, David P. Ashcroft, appeals the summary judgment that he take nothing from defendants, W. T. Bradshaw and Company, W. T. Bradshaw, Sr. and Donald L. McMasters on his claims of civil conspiracy, tortious interference with contract rights, plagiarism and common law copyright violation. The question on appeal is whether Defendants' motion for summary judgment and the supporting affidavits, depositions and pleadings establish that Defendants are entitled to judgment as a matter of law on all causes of action asserted by Plaintiff.

Ashcroft and McMasters are registered architects. Ashcroft drew the architectural plans for a hospital in McAllen which was built by W. T. Bradshaw and Company. W. T. Bradshaw, Sr. is president of that company and McMasters is a vice-president. Plaintiff sued the defendant company and these two officers, seeking actual damages of $543,375.00 and exemplary damages of $500,000.00. Defendants moved for summary judgment that Plaintiff take nothing as to all alleged causes of action. That motion was granted. Finding a fact issue as to the allegations of civil conspiracy and tortious interference, we reverse and remand.

The summary judgment proof shows that Plaintiff Ashcroft executed an "owner-architect" agreement with Valley Community Hospital on November 27, 1973, which provided that he would prepare architectural drawings and render other services in con-

nection with the construction of that hospital, and which also contained the following provision:

Drawings and Specifications as instruments of service are and shall remain the property of the Owner (Valley Community Hospital) whether the Project for which they are made is executed or not. They are not to be used by the Owner (Valley Community Hospital) on other projects or extensions to this Project with the Southwest Design Group (David P. Ashcroft) block and seal thereon except by agreement in writing and with appropriate compensation to the Architect (David P. Ashcroft).

The summary judgment proof also shows that construction of the hospital began in May of 1974 and was completed in May of 1975. On May 16, 1975, the hospital's president went to the Defendant company's office where he was assisted by Defendant McMasters in making copies of four pages of the architectural plans, revising them to show a contemplated future addition to the hospital, removing the "block and seal" of Southwest Design Group (David P. Ashcroft) and replacing it with McMasters' block and seal. The revised plans were then filed with the State Department of Health.

The controversy is whether Defendants engaged in a civil conspiracy and tortiously interfered with Ashcroft's contract rights for additional compensation for the use of these plans or whether the Defendants merely accommodated the hospital in its attempt to get "grandfather rights" to State approval for the contemplated addition before a new statute became effective.

We note that the plans could not be filed with the State Department of Health without an architect's block and seal, and we also note that it is a "dishonest practice" for an architect to place his seal upon the work of another person. See *Piland v. Texas Board of Architectural Examiners*, 562 S.W.2d 26 (Tex.Civ.App.—Austin 1978, no writ).

■ When Defendants filed their motion for summary judgment, they assumed the burden of establishing that no fact issues exist as to the material facts and that they are entitled to judgment as a matter of law on all theories of recovery. In order to do this, the moving Defendants must conclusively show the absence of at least one element necessary to the nonmoving Plaintiff's cause of action. In a case such as this, where Plaintiff has alleged several causes of action and the Defendants have secured summary judgment as to the entire case, the moving Defendants must conclusively show that facts do not exist as to at least one essential element of each of the nonmoving Plaintiff's asserted causes of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); *Gaddis v. Smith*, 417 S.W.2d 577, at 582 (Tex.1967); *American Petrofina Company of Texas v. Crump Business Forms, Inc.*, 597 S.W.2d 467, at 470 (Tex.Civ.App.—Dallas 1980, no writ); Tex. R.Civ.P. 166-A.

■ As the court stated in *Crump Business Forms*:

In most conspiracy cases, no direct evidence of an agreement is available; rather, circumstantial evidence and logical inferences therefrom are relied upon to establish this element. . . . Admittedly, this is a difficult element for a plaintiff to prove, *but it is even more difficult for a defendant to negate as a matter of law.* . . . Statements that the witnesses did not agree or conspire are not readily controvertible statements, and thus, do not satisfy the requirements of Rule 166-A.

■ We sustain the first point of error. The trial court erred in granting summary judgment as to the asserted cause of action for civil conspiracy. A "civil conspiracy" has been defined by our Supreme Court as "a combination by two or more persons to accomplish an unlawful purpose *or to accomplish a lawful purpose by unlawful means.*" *Schlumberger Well Surveying Corporation v. Nortex Oil and Gas Corporation*, 435 S.W.2d 854 (Tex.1968); *Carruth v. First National Bank of Fort Worth*, 544 S.W.2d 678 (Tex.Civ.App.—Eastland 1976,

writ ref'd n. r. e.). While it might have been lawful for the hospital to use the drawings in this case, it may have been "unlawful" for Defendant McMasters to remove the other architect's block and seal, replacing it with his own. *Piland v. Texas Board of Architectural Examiners,* supra.

We also sustain the second point of error. The trial court erred in granting summary judgment as to the asserted cause of action for tortious interference with contract rights. *Clements v. Withers,* 437 S.W.2d 818 (Tex.1969). Our Supreme Court stated in *Black Lake Pipe Line Company v. Union Construction Company, Inc.,* 538 S.W.2d 80, at 91 (Tex.1976):

> An important element in a right of recovery for contract interference is that the interference must be without right or justification.

The summary judgment proof does not conclusively establish that Defendant McMasters had the right to place his architectural block and seal upon drawings which had been prepared by Ashcroft. *Piland v. Texas Board of Architectural Examiners,* supra.

The summary judgment is reversed, and the cause is remanded.