**AZTEC SERVICES, INC., Appellant,**

**v.**

**QUINTANA–HOWELL JOINT VENTURE, et al., Appellee.**

**No. 1916cv.**

Court of Appeals of Texas, Corpus Christi.

March 11, 1982.

Rehearing Denied April 22, 1982.

J. Marvin Ericson, Corpus Christi, for appellant.

Richard E. Flint, Head, Kendrick & Head, Corpus Christi, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a summary judgment proceeding. Appellant Aztec Services, Inc. was plaintiff below and Quintana-Howell Joint Venture, et al was defendant. Appellant filed suit against appellee for wrongful termination of a written contract under which appellant agreed to provide engineering services in the restoration and expansion of a refinery plant. Appellee filed a Motion for Summary Judgment on the basis that the contract was unambiguous and that it provided for successive services to be furnished "as required" by appellee during an undefined period of time and as such was terminable at will upon notice by either party. The trial court granted appellee's Motion for Summary Judgment. We affirm.

In 1977, appellee was in the process of restoring and expanding a refinery plant in Corpus Christi, Texas. Appellee contacted appellant requesting appellant to furnish engineers and support personnel needed for the project. On January 6, 1977, appellant and appellee entered into a written contract that appellant drafted. The contract stated that appellant would furnish services which included but were not limited to engineering, designing, preparation of finished drawings and general drafting work "*as required*" by appellee. The agreement further provided for the cost of each job classification and that invoices on such services would be provided on a bi-monthly basis with a review of the costs scheduled every six months. The agreement did not contain any terms relating to the duration.

After four months on the job, appellee paid appellant in full for the services they had rendered and informed appellant that their services were no longer required. This termination gave rise to the suit by appellant seeking recovery of damages for wrongful termination of the contract. Appellant did not plead ambiguity, fraud or mistake.

The summary judgment evidence consisted of the pleadings, answers to request for admissions and the depositions of Wesley Crow, appellee's general manager of the rebuilding operations, and the deposition of Elmer Richard Smith, the owner and general manager of Aztec Services, Inc. A copy of the contract in question was attached to both depositions.

Appellant contended that the pleadings and depositions on file gave rise to a genuine material fact issue with respect to the intent of the parties as to the duration of the contract. Appellant contended that the parties intended that appellant was to furnish professional services as needed to complete the entire project and, therefore, the contract is not indefinite in its duration. The trial court granted appellee's Motion for Summary Judgment and appellant appealed.

In two points of error, appellant contends that the trial court committed error in granting the summary judgment because

since the contract did not expressly fix a time for its duration, the intention of the parties with regard to its duration is a question of fact to be decided upon by the trier of the facts based on extrinsic evidence and that the language "as required" in the agreement is ambiguous and that appellant should have been given an opportunity to offer evidence to show the real meaning of the term.

Generally, to be entitled to a summary judgment, the movant has the burden of establishing that there exists no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. Rule 166–A(c), Texas Rules of Civil Procedure; *Mitchell v. Baker Hotel of Dallas, Inc.*, 528 S.W.2d 577 (Tex.1975); *Gibbs v. General Motors, Corp.*, 450 S.W.2d 827 (Tex. 1970). A summary judgment for a defendant is proper only when the plaintiff cannot succeed on any theory plead as the basis for recovery. *Ashcroft v. W. T. Bradshaw and Co.*, 601 S.W.2d 809 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n. r. e.). This Court in reviewing the trial court's judgment cannot reverse on grounds not expressly presented to the trial court by a timely filed written response to the Motion for Summary Judgment. The law requires that a written response to the Motion for Summary Judgment must fairly apprise the movant and the trial court of the issues and grounds upon which the non-movant relies to defeat this motion. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). A Motion for Summary Judgment must stand on its own merits and the non-movant's failure to timely file a written response to the motion does not permit the granting of a summary judgment by default. *City of Houston v. Clear Creek Basin Authority*, Id. at 678.

In the case at bar, no written response to the motion was timely filed by appellant. This court is therefore limited to consideration of only those issues, grounds and facts presented to the trial court by proper summary judgment proof. Since the response filed by appellant to the Motion for Summary Judgment, wherein he alleges that the contract was ambiguous, was stricken by the court, appellant is left with no allegations of ambiguity. See *Skyline Furniture, Inc. v. K. P. Gilford*, 433 S.W.2d 950 (Tex.Civ.App.—El Paso 1968, no writ).

The question of whether a contract is ambiguous is one of law to be determined by the court. *City of Pinehurst v. Spooner Addition Water Company*, 432 S.W.2d 515 (Tex.1968); *Vermillion Construction Company v. Fidelity and Deposit Company of Maryland*, 526 S.W.2d 744 (Tex.Civ.App.—Corpus Christi 1975, no writ). The courts will enforce an unambiguous instrument as written; and in the ordinary case, the writing alone will be deemed to express the intention of the parties. *Sun Oil Co. (Delaware) v. Madeley*, 626 S.W.2d 726, Tex. (1981).

In the present case the summary judgment evidence showed that notice was given to the appellant for the termination of services and that full payment was made by appellee for the services rendered. The trial court found that the written contract is not ambiguous. We agree. As the Supreme Court stated in *Clear Lake City Water Authority v. Clear Lake Utilities Company*, 549 S.W.2d 385, 390 (Tex.1977), "the rule which we regard as controlling is that contracts which contemplate continuing performance (or successive performances) and which are indefinite in duration can be terminated at the will of either party." (citations omitted). Here, the language of the contract is capable of a single meaning. We must therefore confine ourselves to the contract. See *Sun Oil (Delaware) v. Madeley*, Id. Thus, since the subject contract had no definite term, it could be terminated by either party at any time.

Appellant's points of error are overruled. The judgment of the trial court is affirmed.

### OPINION ON MOTION FOR REHEARING

Appellant, in his motion for rehearing, contends that we committed various errors.

We did not hold that the non-movant in a Summary Judgment is required to

file a response to a Motion for Summary Judgment. However, we did hold that, pursuant to *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), if the non-movant wishes to contend on appeal that Summary Judgment was improperly granted, and does not file a written response to the Motion for Summary Judgment, the only issue before the appellate court is whether the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support Summary Judgment. Other issues raised by the non-movant in the appellate court must have first been raised in the trial court. In the case at bar, no other issues were raised by the appellant in the trial court since his response was ordered stricken because it was not timely filed. See: *Fisher v. Capp*, 597 S.W.2d 393 (Tex. Civ.App.—Amarillo 1980, writ ref'd n. r. e.).

The interpretation of a contract becomes a fact issue to be resolved by extrinsic evidence only when the application of pertinent rules of construction leave a genuine uncertainty as to which of two meanings is proper. *Harris v. Rowe*, 593 S.W.2d 303 (Tex.1979). When a question relating to the construction is presented, the Court should consider the wording of the instrument in the light of the surrounding circumstances and apply appropriate rules of construction to settle the meaning of the contract. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515 (Tex.1968). However, the consideration of the facts and circumstances surrounding the execution of a contract is simply an aid in the construction. When the language of the contract appears to be capable of only a single meaning under pertinent rules of construction, the Court will confine itself to the writing alone. *Sun Oil Co. (Delaware) v. Madeley*, 626 S.W.2d 726, Tex. (1981). Thus, in the contract before us, the contract being unambiguous, and the contract having no definite term, it can be terminated by either party at any time. *Clear Lake City Water Authority v. Clear Lake Utilities Company*, 549 S.W.2d 385 (Tex.1977).

We adhere to our original disposition of the case, and appellant's Motion for Rehearing is denied.