In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00061-CV


______________________________




HAROLD JAMES, INDIVIDUALLY AND AS REPRESENTATIVE


OF THE ESTATE OF OPAL LEE JAMES, DECEASED,

AND ALFRED E. DAWSON, JEROLD W. JAMES, 

AND CASANDRA JAMES ROGERS, Appellants


V.



ATLANTA MEMORIAL HOSPITAL AND


ATLANTA MEMORIAL HOSPITAL FOUNDATION, Appellees



 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 05-C-742




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Harold James, individually and as representative of the estate of Opal Lee James, Deceased,
and Alfred E. Dawson, Jerold W. James, and Casandra James Rogers, the appellants in this case,
have filed a motion seeking to dismiss their appeal. Pursuant to Tex. R. App. P. 42.1, their motion
is granted.

 We dismiss the appeal.




 Bailey C. Moseley

 Justice


Date Submitted: June 26, 2008

Date Decided: June 27, 2008



subsequently declined to prosecute the cases against Conkleton. 

 On August 21, 2001, Conkleton filed an original petition in the 102nd Judicial District Court
alleging that the appellees had falsely arrested and imprisoned her. James Carlow, County Judge of
Bowie County, Gibson L. Hadaway and Steven C. Young, Justices of the Peace for Bowie County,
and George Huggins and Fred Waltman, sheriff's deputies with Bowie County, were defendants. On
October 5, 2001, Conkleton filed a motion for summary judgment and a motion to recuse the trial
judge, the Honorable John Miller, Jr. Appellees filed their response to the recusal motion on
October 18, 2001, alleging that Conkleton failed to verify the recusal motion as required by the
Texas Rules of Civil Procedure. On December 4, 2001, appellees filed a response to Conkleton's
motion for summary judgment and filed their own motion for summary judgment. 

 The trial court referred the recusal motion to the Administrative Law Judge, who assigned
the Honorable Paul Banner for a hearing pursuant to Tex. R. Civ. P. 18a. Judge Banner denied
Conkleton's motion to recuse Judge Miller. 

 On January 30, 2002, the trial court, with the Honorable John Miller, Jr., presiding, denied
Conkleton's motion for summary judgment and granted the appellees' motion for summary judgment.
 In her first point of error, Conkleton contends the trial court lacked subject matter jurisdiction
of this case. (1) Conkleton's petition alleges that Bowie County officials falsely imprisoned her on
charges of theft and engaging in organized criminal activity. A district court's jurisdiction consists
of appellate and original jurisdiction of all actions, proceedings, and remedies, except in cases where
exclusive appellate or original jurisdiction is conferred by the constitution or other law on some other
court, tribunal,  or  administrative  body.  Tex.  Const.  art.  V,  §  8; see  also  Tex.  Gov't  Code
 Ann. § 24.007 (Vernon 1988). A district court may hear and determine any cause cognizable by
courts of law or equity and may grant any relief that can be granted by either courts of law or equity. 
Tex. Gov't Code Ann. § 24.008 (Vernon 1988). False imprisonment is a claim in equity. Kroger
Co. v. Demakes, 566 S.W.2d 653 (Tex. App.-Houston [1st Dist.] 1978, writ ref'd n.r.e.); see also
State v. Vargas, 419 S.W.2d 926 (Tex. App.-San Antonio 1967), aff'd, 424 S.W.2d 416 (1968)
(district court has jurisdiction over false imprisonment claim). Thus, the district court had subject
matter jurisdiction to hear Conkleton's case. 

 In her second point, Conkleton contends Judge Banner erred by denying her motion to recuse 
Judge Miller. Conkleton's recusal motion alleged that Judge Miller "works closely with members
of the criminal justice system [who prosecute] crimes for this district just like all said defendants"
and that she "just [does] not trust Judge Miller and [does] not believe he will be able to try this case
fairly and impartially." 

 [A]ny party may file with the clerk of the court a motion stating grounds why the
judge before whom the case is pending should not sit in the case. The grounds may
include any disability of the judge to sit in the case. The motion shall be verified and
must state with particularity the grounds why the judge before whom the case is
pending should not sit. The motion shall be made on personal knowledge and shall
set forth such facts as would be admissible in evidence provided that facts may be
stated upon information and belief if grounds of such are specifically stated.

Tex. R. Civ. P. 18a(a) (emphasis added). 

 We review the denial of a motion to recuse by an abuse of discretion standard. Tex. R. Civ.
P. 18a(f). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the
facts present an appropriate case for the trial court's action, but rather, whether the court acted
without reference to any guiding rules or principles, and the mere fact that a trial court may decide
a matter within its discretionary authority differently than an appellate judge would, does not
demonstrate such an abuse. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex. 1985).

 A trial court does not abuse its discretion by overruling a recusal motion that does not comply
with the rules. Stafford v. State, 63 S.W.3d 502, 507 (Tex. App.-Texarkana 2001, pet. ref'd); Gill
v. Tex. Dep't of Criminal Justice, Inst. Div., 3 S.W.3d 576, 579 (Tex. App.-Houston [1st Dist.] 1999,
no pet.). Conkleton's recusal motion is unverified. Thus, her motion fails to meet the requirements
of Rule 18a, so the trial court did not err by denying her motion. 

 In her third point, Conkleton contends that "the Bowie County District Court knowingly and
intentionally left out filed [sic] marked copies of the plaintiff's plea and motion just to give the
defendant[s] an advantage over this case." 

 A pro se litigant is held to the same standards as licensed attorneys and must therefore
comply with applicable laws and rules of procedure. Chandler v. Chandler, 991 S.W.2d 367, 379
(Tex. App.-El Paso 1999, pet. denied), cert. denied, 529 U.S. 1054 (2000); In re Estate of Dilasky,
972 S.W.2d 763 (Tex. App.-Corpus Christi 1998, no pet.); Greenstreet v. Heiskell, 940 S.W.2d 831,
834 (Tex. App.-Amarillo 1997, no writ); Clark v. Yarbrough, 900 S.W.2d 406, 409 (Tex.
App.-Texarkana 1995, writ denied). No allowance is to be made for the fact that a litigant is not an
attorney. Weaver v. E-Z Mart Stores, Inc., 942 S.W.2d 167, 169 (Tex. App.-Texarkana 1997, no
writ). If pro se litigants were not required to comply with the applicable procedural rules, they would
be given an unfair advantage over litigants represented by counsel. Mansfield State Bank v. Cohn,
573 S.W.2d 181, 184-85 (Tex. 1978); Lin v. Houston Cmty. Coll. Sys., 948 S.W.2d 328, 336 (Tex.
App.-Amarillo 1997, writ denied).

 Conkleton presents no further argument or authorities in support of her third point of error. 
She does not indicate what documents she believes are missing from the appellate record; she instead
phrases her argument in broad, general terms. She has not filed a request to have the appellate record
supplemented. See Tex. R. App. P. 34.5(c). She does not specify or describe the allegedly missing
pleadings or include an appendix with file-marked copies of the documents she claims are absent. 
Conkleton also has not requested an abatement for a hearing before the trial court on the allegedly
missing documents. 

 A point of error that is not adequately supported by either argument or authorities is waived. 
Ralston Purina Co. v. McKendrick, 850 S.W.2d 629, 637 (Tex. App.-San Antonio 1993, writ
denied). After a search of the record, we are unable to discern what documents Conkleton believes
are missing; therefore, Conkleton's final point of error is overruled.

 For the reasons stated, we affirm the trial court's judgment.

 

 William J. Cornelius*

 Justice


Date Submitted: August 8, 2002

Date Decided: October 31, 2002


Do Not Publish


*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment
1. We note an interesting paradox in Conkleton's first point of error: she chose to file her suit
with the district court, presumably because she believed the court had subject matter jurisdiction;
now she would have us find she was mistaken to file her suit with the district court. Though we
might be tempted to dismiss her point of error as the result of her own doing, such a course is
improper. Unlike personal jurisdiction, subject matter jurisdiction cannot be waived. Therefore, we
will address the merits of her claim.